THE PEOPLE *ex rel.* P. W. Woody, Collector, *v.* JAS. N. SMITH,
and
SAME *v.* JACOB M. SMITH; SAME *v.* WILLIAM H. SMITH; SAME *v.* JAMES H. MORRIS; SAME *v.* MARGARET SMITH.

*Filed at Springfield April 2, 1894.*

1. SCHOOL TAX—*levy by board of education.* The board of education of school districts organized under section 8, chapter 122, of the Revised Statutes, are by clause 5 of said section authorized to levy a tax, annually, upon the taxable property of the district in the manner provided by section 44 of the act relating to schools, and that section requires the directors of schools to ascertain, as nearly as practicable, annually, how much money must be raised by special tax for school purposes, which amount shall be certified and returned to the township treasurer, etc., who is required to return such certificate to the county clerk on or before the second Monday of August, and the county clerk is required to extend such sums upon the equalized value of the taxable property of the district.

2. SAME—*certificate for its levy.* The certificate which school directors are empowered to make, is the only basis for the imposition of special taxes for school purposes. In a certain sense such certificates are jurisdictional, and any tax extended for school purposes, when no such certificate has been returned by the directors, is without authority of law, and void.

3. SAME—*levy by board of education.* The board of education in school districts organized under section 80 of the act, is, in respect of the levy of special taxes for school purposes, vested with the same powers as, and no greater than, those given to school directors by section 44 of the act, and it must proceed in the mode therein directed. The making of the certificate of the sum to be raised by taxation is an official act.

4. A board of education, consisting of a president and six members, met and passed an order that $10,000 be raised by special taxation for the current year, which was signed by three persons designated as directors of schools, but who, in fact, were members of the board: *Held,* that the certificate did not authorize the levy of any tax, and that the proceedings to levy, extend and collect such tax were null and void.

5. BOARD OF EDUCATION—*powers, how exercised.* None of the powers conferred upon the board of education can be exercised by them except at a regular or special meeting.

6. TAXATION—*statute curing defects and allowing amendments.* Section 191 of the Revenue act has been liberally construed, and this court has held that irregularities, informalities, omissions, and defective acts of officers in the assessment, levy, etc., of taxes, not affecting the substantial justice of the tax itself, will not vitiate the proceedings, and that the court, in its discretion, may correct the proceedings, supply defects therein and make them conform to law, or permit the same to be done in the presence of the court, by the officer through whose neglect or default the same was occasioned.

7. It has, however, never been held that such section dispensed with the necessity of the levy of the tax by the municipality authorized by law to levy the same, and that the provisions of that section authorizing the correction and amendment of the proceedings, authorize such acts as would vitalize a levy void *ab initio.*

APPEAL from the County Court of Champaign county; the Hon. C. C. STALEY, Judge, presiding.

Mr. WILLIAM B. WEBBER, for the appellants.

Mr. J. O. CUNNINGHAM, for the appellees.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

These cases, separately docketed, are, by agreement, submitted upon a single bill of exceptions, the same question being presented in each.

School district No. 3, township 19, range 9, in Champaign county, was organized in accordance with the provisions of section 80, chapter 122, of the Revised Statutes, (2 Starr & Curtis, 2249,) and there had, prior to the attempted levy of the tax in question, been elected a board of education, composed of a president and six members, of such district, as provided in said article. No controversy arises concerning the organization or legal existence of the board of education. Clause 5 of said section authorizes the board of education "to levy a tax, annually, upon the taxable property of the district, in the manner provided by section 44 of this act, for the purpose of supporting and maintaining free schools, in accordance with the powers herein conferred." Turning to section

44, (2 Starr & Curtis, 2222,) it is provided that "the directors of each district shall ascertain, as nearly as practicable, annually, how much money must be raised by special tax for school purposes during the ensuing year, which amount shall be certified and returned to the township treasurer on or before the first Tuesday of August, annually." The form of certificate which may be used is then given, and the township treasurer required to return such certificate to the county clerk on or before the second Monday of August. By section 45 it is made the duty of the county clerk to complete and extend, ratably, the sum so certified, as a tax upon the equalized assessment of the property of the district.

It appears that on August 31, 1891, at a regular meeting of the board of education of said district, at which a quorum is shown to have been present, it was moved and carried that $10,000 be raised by special taxation for the current year. It is not questioned that this was an ascertainment by the board of education of the district of how much money must be raised by special tax for school purposes during the ensuing year, within the meaning of said section 44. It is to be observed, however, that there is, in the proceedings of the board, no order or direction that the certificate contemplated by said section of the statute be filed, or any attempt to authorize any person or persons to file the same. By said section 80 it is also provided (2 Starr & Curtis, 2251,) that none of the powers conferred upon the board of education shall be exercised by them except at a regular or special meeting of the board. *Lawrence* v. *Traner,* 136 Ill. 474.

On August 31, 1891, a certificate, in substantially the form prescribed by the statute, certifying that the amount of $10,000 would be required to be levied, as a special tax for school purposes, upon the taxable property of said district for the year 1891, was signed by E. N. Knowlton, Frederick Pell and A. S. Boyd, who styled themselves "Directors of District No. 3, T. 19, N., R. 9, E., Champaign county, Illinois," and who were,

in fact, members of said board of education, and which, on the following day, September 1, 1891, was returned to and filed with the county clerk of Champaign county. The county clerk computed and extended a tax upon the property of the district for such purpose, according to the amount thus certified. The special tax for school purposes thus extended against the property of appellees in said district not having been paid, the collector applied to the county court for judgment therefor against the lands and lots against which the same was levied and extended. Appellees appeared and filed objections thereto, the only one important to be considered here being, that said taxes were not levied by a board of directors or other authority having the legal power or right to levy the same. The objection was sustained by the court and judgment for said taxes denied. The People appeal.

We held in *Weber* v. *Ohio and Mississippi Railway Co.* 108 Ill. 451, that the certificate which the school directors are empowered to make by the School law is the only basis for the imposition of special taxes for school purposes, and said: "In a sense such certificates are jurisdictional, and any tax extended for school purposes where no such certificate has been returned by the directors, as required by the statute, is without authority of law, and null and void." See also *Leachman* v. *Dougherty*, 81 Ill. 324; *Peoria, Decatur and Evansville Railway Co.* v. *The People*, 116 id. 232; *Ohio and Mississippi Railway Co.* v. *Commissioners*, 117 id. 280; *Lawrence* v. *Traner*, 136 id. 474. It is manifest, from the provisions of the statute before referred to, that the certificate required by section 44 of the act is the official authorization to the county clerk to compute and extend the tax, and that without it any extension of a tax for that purpose upon property of the district would be unauthorized by law.

The board of education in school districts organized under section 80 of the act are, in respect of the levy of special taxes for school purposes, vested with the same power, and

no greater, that school directors, by section 44 of the act, are invested with, and must proceed in the mode therein directed. Making the certificate is an official act, which they must exercise as they are required to exercise other duties imposed upon them by law. While the burden of showing the invalidity of the tax rests upon the objector, the record and proceedings of the board relating to the subject matter under consideration were introduced in evidence and incorporated in the bill of exceptions, and it does not appear that the board took any action in regard to the matter of making and filing a certificate authorizing the extension of said tax. The only act performed was the making of said certificate by less than a majority of the board, without its sanction or authority. The certificate filed was in no sense the act of the board of education, nor did it purport to be made by said board or under its authority.

On the hearing in the county court, the People moved for leave to amend the certificate in the presence of the court, by permitting others, who were members of the board at the date of such certificate, and were still members thereof, to sign the same. This the court refused to allow, and the People excepted. It is insisted, first, that the defects in the certificate are cured by section 191 of the Revenue act; and second, that the amendment proposed was authorized by said section. That section, so far as important here, is as follows: "In all judicial proceedings, of any kind, for the collection of taxes and special assessments, all amendments may be made which, by law, could be made in any personal action, * * * and no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate * * * and any irregularity * * * in any of the proceedings connected with the assessment or levy, or any omission or defective act of any officer connected with the assessment or levying, of such taxes, may be, in the dis-

cretion of the court, corrected, supplied and made to conform to law by the court, or by the person (in the presence of the court) from whose neglect or default the same was occasioned."

This court has frequently held that irregularities, informalities, omissions and defective acts of officers in the assessment, levy or collection of taxes, not affecting the substantial justice of the tax itself, will not vitiate the levy, and that the court, in its discretion, may correct the proceedings, supply defects therein and make them conform to law, or permit the same to be done, in the presence of the court, by the officer through whose neglect or default the same was occasioned. See *Buck* v. *The People,* 78 Ill. 560 ; *Chiniquy* v. *The People,* id. 570 ; *Purrington* v. *The People,* 79 id. 11 ; *Thatcher* v. *The People,* id. 597 ; *Railroad Co.* v. *Surrell,* 88 id. 535 ; *Mix* v. *The People,* 106 id. 425 ; *Ohio and Mississippi Railway Co.* v. *The People,* 119 id. 207. An examination of these and other cases will show that the provisions of section 191 have been construed liberally, and in harmony with the legislative intent, in the correction of irregularities in the assessment and levy of taxes. Thus, the failure of the body imposing the tax to return the certificate of levy in the time prescribed by statute, or that the officers acting did not describe themselves with accuracy, or use the full names of the corporate bodies, and the like defects, are held in *Buck* v. *The People, Chiniquy* v. *The People, supra,* and other cases, to be cured by said section. We need not enumerate the various defects in the levy and assessment of taxes which have been held cured by this section. It has, however, never been held that said section dispensed with the necessity of a levy of the tax by the municipality authorized by law to levy the same. It is familiar, and needs the citation of no authority other than the statute already quoted, that boards, of the character of the board of education, can act only when convened in session as a board, and that less than a majority of the board, thus convened, are incapable of transacting the corporate busi-

ness. It may well be, that had the certificate filed with the clerk been signed by a majority of the board of education, the provisions of section 191 might have cured the defects both in the manner in which it was made and the description and designation of the officers making it. But, as we have seen, it is neither the act, nor purports to be the act, of the board of education, the only body authorized by law to impose the burden of special taxes upon the district, and it must be held that the act of the three persons styling themselves directors, etc., was absolutely void, and conferred no power upon the county clerk to extend the tax.

Nor do the provisions of said section 191, authorizing correction and amendment of the proceedings, authorize such acts as would vitalize a levy void *ab initio.* To have permitted the amendment proposed would not be to correct a mistake or omission of the municipal body levying the tax, or of its officers, but would have been to then make a valid levy. There is no showing or pretence that any other members of the board knew of or assented to the making of the certificate filed, or that a failure to sign the same was an omission or mistake on their part. Indeed, in the offer accompanying the proposed amendment it is not shown or pretended, or offered to be shown, that any member of the board, other than those signing it, would originally have done so had it been brought to their knowledge.

We are of opinion that the county court decided correctly, and its judgment will be affirmed.

*Judgment affirmed.*