The Chicago and Northwestern Railway Company

*v.*

The People *ex rel.* Sterling, County Collector.

*Opinion filed December 18, 1899.*

1. Taxes—*when certificate of levy for school tax may be amended on application for sale.* A certificate of levy for school taxes, signed by the president and secretary of the board of education, may be amended in open court, on application for judgment of sale, by permitting the other members of the board to sign the same, where it is shown they were present, in their official capacity, at the regular meeting of the board when the certificate was made out, that they assented to the making thereof, and were willing to sign the certificate but did not do so because they thought it unnecessary. (*People* v. *Smith*, 149 Ill. 549, distinguished.)

2. Same—*when amendment of school tax levy validates the tax.* The amendment of a certificate of levy for school purposes, on application for judgment of sale, relates back to the time of signing the certificate and validates the levy, where the defect amended was occasioned by the omission of members of the board of education to perform their official duty by signing the certificate, although present when it was authorized and made out.

APPEAL from the County Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding.

The appellant company filed objections to the rendi-·tion of judgment against its property for taxes levied for school purposes for the year 1898 in district No. 1 in the town of Dixon, in Lee county, the ground of the objection being, there was no valid certificate of the board of education delivered to the township treasurer or re-·turned to the county clerk authorizing the levy of such school tax. On the hearing of the objection the record of the said board of education was produced in evidence, from which it appeared that the board in a regular meeting convened, ascertained the amount of money necessary to be raised by taxation for school purposes for the ensuing year, and entered an order or resolution on their records showing the action so taken. It was proven the tax was extended by the clerk by virtue of a certificate of levy filed with him, which was as follows:

"Certificate of levy, to be returned to the township treasurer the first Tuesday in August:

"We hereby certify that we require the amount of fourteen thousand seven hundred fifty ($14,750) dollars to be levied as a special tax for school purposes, and seven hundred fifty ($750) dollars for interest on bonds, and two per cent for commissions for collection of same, on the taxable property of our district for the year 1898.

"Given under our hands this 2d day of August, A. D. 1898.

F. A. TRUMAN,     Directors District No. 1,
    *President.*   Township No. 21, Range
E. W. SMITH,      No. 9, Lee County, Illi-
    *Secretary.*   nois."

The court, over the objections of the appellant company, permitted the president of the board and four of the members thereof to testify with relation to the preparation and execution of the said certificate. It appeared from such testimony the board consisted of six members and the president; that at the said meeting of the board·

when the action relative to fixing the amount to be levied was taken, as shown by the record, the said four members and the president and secretary were present; that immediately after such action was taken, and while the board was still in session, the certificate was prepared by the secretary of the board and signed, in the presence of the board, by the president and secretary; that the members of the board all understood the certificate was being so prepared and signed; that the certificate was signed in their presence and while the board was still officially convened; that it had been the custom of the board in former years to so prepare such certificates, and that the members of the board did not understand the certificate should bear their signatures; that they assented to and favored the action taken by the board and were then willing to sign the same, and would have done so had they not supposed the signatures of the president and secretary were sufficient; that each of them was still willing to sign the certificate in open court if permitted to do so. The testimony of the secretary of the board, which was also heard, was the same as that of the members with regard to the time and circumstances of the preparation and signing of the certificate, and further, that he prepared the certificate on a blank form which had been printed for the use of boards of school directors, and that he intended to erase the word "directors" and insert the words "board of education" at the foot of the certificate, but neglected to do so. The court then permitted the said four members of the board of education to attach their signatures to the certificate, and permitted the secretary to erase the word "directors" and insert the words "board of education" in lieu thereof, to which the appellant company objected and saved exceptions. Judgment was thereupon rendered against the property of the appellant company for the school taxes levied thereon, and the appellant company prosecuted this appeal.

Barge & Barge, for appellant.

E. H. Brewster, State's Attorney, and Morrison & Bethea, for appellee.

Mr. Justice Boggs delivered the opinion of the court:

The points for decision are, whether the court erred in permitting the certificate to be amended by the addition of the signatures of the said members of the board of education and the substitution of the words "board of education" for the word "directors," and in holding the certificate, as amended, sufficient to uphold the levy and support a judgment for unpaid taxes.

In *Spring Valley Coal Co.* v. *People,* 157 Ill. 543, we held evidence of the character introduced in the case at bar as to the mode, time and circumstances of the preparation of the certificate was competent to be received, and was sufficient to authorize the court to permit the certificate to be amended by the addition, at the time of the hearing, of the signatures of members of the board thereto, and to permit the certificate to be put in form by striking out the word "directors" and inserting the true name of the municipality. In *Chicago and Alton Railroad Co.* v. *People ex rel.* 171 Ill. 544, we held a similar amendment, correcting an error in the corporate name of the municipality, was properly permitted, and also that the certificate might be properly amended by the addition of the official title of the persons signing the certificate, but held the certificate involved in that case, when so amended, was fatally defective in that, as amended, the certificate did not bear the names of a majority of the members of the board, and it was not made to appear that the certificate, as amended, had been authorized by the board.

In *People ex rel.* v. *Smith,* 149 Ill. 549, the certificate, when filed with the county clerk, had appended thereto the names of a minority, only, of the members of the board.

The trial court refused to allow it to be amended by permitting other members of the board to sign the same at the time of the trial, and this ruling was affirmed by this court. Counsel for appellants construe this decision to hold that certificates defective when filed with the clerk because not signed by the requisite number of members of the board, cannot, under any circumstances, be amended and made good by the addition of the signatures of a requisite number of the members of the board. All that was held in that case was, that under the circumstances of the case the certificate could not be in that manner amended. It did not there appear the members who so desired to sign the certificate at the time of the trial were willing to have signed it when it was made, or that they had assented to the making of the certificate or participated in fixing and determining the amount to be levied, for which reasons the addition of their signatures at the time would not be to do that which had been merely omitted, but to make at that time a new levy. In order the position of the court should be clearly understood it was there said (p. 555): "To have permitted the amendment proposed would not be to correct a mistake or omission of the municipal body levying the tax, or of its officers, but would have been to then make a valid levy. There is no showing or pretense that any other members of the board knew of or assented to the making of the certificate filed, or that a failure to sign the same was an omission or mistake on their part. Indeed, in the offer accompanying the proposed amendment it is not shown or pretended, or offered to be shown, that any member of the board, other than those signing it, would originally have done so had it been brought to their knowledge." Permission to subscribe the names of the members at the time of the trial was denied because it did not appear from the proofs that the members of the board who desired to be permitted to attach their names to the certificate at the time of the trial had ever assented to the making of the

levy, or that the omission of their names from the certificate was the result of a mere neglect or default on their part to do that which the law required they should do, and which they were willing to do but did not do through mistake or ignorance of their legal duty.

In the *Spring Valley Coal Co. case, supra,* wherein it was held competent to establish by oral testimony the facts, the absence whereof was pointed out in the case of *People ex rel. v. Smith, supra,* it was held the certificate was properly amended in view of such testimony, and in referring to the *Smith case* as not being in conflict with the ruling it was said: "It is to be noted that almost or quite everything that was so conspicuously absent in the *Smith case* is to be found in the record in this case."

In the case at bar the members of the board who were allowed by the court to subscribe their names to the certificate were present and acting, in their official capacity, as members at the regular meeting of the board at which the amount necessary to be levied was officially ascertained and declared. They there assented thereto and were willing to sign the certificate, but omitted to do so only for the reason they did not understand it was necessary their names should appear to the certificate, but supposed the signatures of the president and secretary of the board fulfilled the requirements of the statute. That which rendered the certificate insufficient was the mere neglect, default or omission of such members to perform an official duty. The substantial justice of the tax was not affected. The correction of such failures and omissions is clearly authorized by the provisions of section 191 of the Revenue act. The certificate, as amended, conformed to the requirements of the statute. The amendments related back to the time the certificate was signed by the president and secretary of the board, and operated to render the certificate valid and effectual as from that time. (1 Ency. of Pl. & Pr. p. 621.)

The judgment is affirmed.        *Judgment affirmed.*