THE PEOPLE *ex rel.* Matthews, County Collector,

v.

THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

*Opinion filed December 18, 1899.*

| 183 | 311 |
| 184 | 242 |
| 183 | 311 |
| d201 | 364 |
| 183 | 311 |
| 206 | 144 |
| 183 | 311 |
| 213 | 206 |
| 183 | 311 |
| 215 | 129 |

TAXES—*when amendment of certificate of school tax levy cannot be permitted.* A certificate of levy for school purposes made by the president *pro tem* of the board of education the next day after a meeting of the board at which the levy was voted but no certificate of levy was made *or authorized,* cannot be amended, upon application for judgment of sale, by permitting the other members of the board to sign it, even though they testify that they would have signed it had they supposed it necessary. (*Chicago and Northwestern Railroad Co.* v. *People, ante,* p. 247, distinguished.)

APPEAL from the County Court of Whiteside county; the Hon. HENRY C. WARD, Judge, presiding.

WALTER STAGER, State's Attorney, for appellant.

BARGE & BARGE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The objection of appellee to judgment against its property for an alleged delinquent tax for school and building purposes, levied in district No. 1, township 22, range 3, in the town of Fulton, in Whiteside county, was sustained by the county court, and this appeal was taken from the judgment of the court rendered in pursuance of its decision sustaining said objection. ·

The district was governed by a board of education, which board, at its regular meeting July 6, 1898, made the levy of the tax objected to, by a unanimous vote of the six members present, one being absent. The board then adjourned without making or signing any certificate and without authorizing any such certificate to be made or returned, as required by the statute. The next day the member who acted as president *pro tem* of the meeting, and the secretary, made and returned a certificate of the levy, signing it as such president and secretary of "Directors District No. 1," etc., instead of "Board of Education District No. 1," etc. No other action was taken by the board than as above stated.

In support of its objection that there was no valid levy because no valid certificate was made and filed, as required by the statute, appellee gave in evidence the record of the board of education and the certificate. Appellant thereupon proved by the members of the board who were present at the meeting of the board when the levy was made, except one, who had gone out of office, that they would have signed the certificate had they supposed it was necessary, and that they supposed it would be signed by the president and secretary, and that

that would be sufficient; that the use of the term "directors" instead of "board of education," in the certificate, was a mere inadvertence, caused by using a printed blank form of certificate. Appellant then moved the court to allow the certificate to be amended and signed by the members of the board, a majority of whom were present and desired to make the amendment, but the court denied the motion. In so deciding we are of the opinion no error was committed, for the reason that the certificate was issued by two members of the board after the meeting and without any authority whatever, and was wholly void and not amendable on the application for judgment. It is not a case where there was a mere failure to properly enter of record the proceedings of the board, but no action whatever concerning the certificate was taken by the board. If such action had been taken and shown a different case would have been presented. The mistake in the mere designation of the body might doubtless have been corrected, and the certificate might have been signed by the members of the board in accordance with the request made at the trial, had the board made, or authorized the making of, the certificate.

This case is substantially the same in form and substance as *Chicago and Alton Railroad Co.* v. *People ex rel.* 171 Ill. 544, where we said: "At the trial a certificate of levy was introduced in evidence which was signed, 'Alex. Kilpatrick, R. H. Hays, Directors District No. 2, Tp. 32, R. 9, Will Co., Ill.' The minute book or record of the board of education of that district was also introduced in evidence, and this showed an entry of proceedings had by the board on July 7, 1896, at a regular meeting, in the following words: 'Motion carried that a levy be made of five per cent on the taxable property of district No. 2, —two per cent for educational purposes and three per cent for building and repairs.' Objection being made to the certificate when offered, the court permitted it to be amended by substituting for the word 'directors' the

words 'board of education,' and by placing after the names aforesaid the designations, respectively, 'President' and 'Secretary,' making it read: 'Alex. Kilpatrick, President, R. H. Hays, Secretary, Board of Education District No. 2,' etc. As thus amended the certificate was permitted to go in, over the objection of appellant. District No. 2 was in charge of a board of education, consisting of six members and a president, and so far as this amendment goes we think it was proper, under section 191 of the Revenue act. But the difficulty is that this amendment did not cure the fatal defect, viz., that the certificate was not the certificate of the board, nor was it made to appear that it was authorized by the board. The certificate is jurisdictional. Without it the tax is void. (*Weber.* v. *Ohio and Mississippi Railway Co.* 108 Ill. 451.) The record of the board is very similar to the one in the case of *People* v. *Smith*, 149 Ill. 549, where this court said (p. 551): 'It is to be observed, however, that there is in the proceedings of the board no order or direction that the certificate contemplated by said section of the statute be filed or any attempt to authorize any person or persons to file the same.' The conclusion in that case was that the levy there involved was void *ab initio* on that account, and that it could not be made valid by amendment. The later case of *Spring Valley Coal Co.* v. *People*, 157 Ill. 543, does not conflict with that decision, but is in harmony with it. The holding in the *Smith case* is conclusive here."

The case at bar differs also from *Chicago and Northwestern Railway Co.* v. *People ex rel.* (*ante*, p. 247,) in this: That in that case the certificate was prepared and signed immediately after the making of the levy and while the board was still in session, and in the presence of all the members present, who knew the certificate was then being made and signed while the board was officially convened, and they assented thereto. Indeed, the making of the certificate was in that case shown, in effect, to have

been a part of the proceedings of the board though not so stated in the minutes of its proceedings, and it was held that the county court properly allowed it to be amended and signed by a majority of the board.   The certificate in this case was made without authority, and the court properly refused to allow it to be amended.

The judgment must be affirmed.

*Judgment affirmed.*