# The Chicago and Northwestern Railway Company

*v.*

## The People *ex rel.* Axtell, County Collector.

*Opinion filed February 19, 1900.*

1. Taxes—*clerk's failure to record directors' official act of making certificate does not invalidate tax.* The making of a certificate of tax levy by school directors and the filing of the same with the township treasurer constitute the levy for school taxes, and failure of clerk to keep a record of such official acts does not invalidate the tax.

2. Same—*power to make certificate of school tax levy must be exercised at meeting of board.* Power to make certificate of levy for school taxes can only be exercised at a meeting of board of school directors, and acts of the directors outside of such meeting have no force.

3. Same—*when certificate of school tax levy may be amended.* Where school directors have attempted to make a certificate of school tax levy at a meeting of the board, defects in such certificate may be amended at the hearing upon proper showing; but the court is powerless to permit an amendment of a certificate void *ab initio* because not made at a meeting of the board.

4. Same—*when certificates of school tax levy are void.* A certificate of school tax levy made by one director after a meeting of the board at which a tax was voted but no certificate was made or authorized is void, though the other directors gave him permission to sign their names; so, also, is a certificate made by the clerk after the meeting at which the tax was talked over but not voted for nor any certificate authorized, and signed by him in his own name and that of one of the directors.

5. Same—*action of directors outside of meeting is not official.* A certificate of school tax levy, made after the board meeting at which the amount of tax was agreed upon but no motion was made or vote taken, which certificate was signed by the directors at their residences at different times, is void.

6. Same—*record may be amended to show the tax was voted.* Upon the hearing of objections to judgment of sale for town taxes the court may, upon proper showing, permit the record of the town meeting to be amended to show that the tax was voted.

7. Same—*town clerk cannot authorize county clerk to correct certificate of levy.* A town clerk has no power to authorize the county clerk to correct defects in the certificate of levy for town taxes.

Appeal from the County Court of McHenry county; the Hon. O. H. Gilmore, Judge, presiding.

D. T. Smiley, for appellant.

V. S. Lumley, State's Attorney, (John B. Lyon, of counsel,) for appellee.

Mr. Chief Justice Cartwright delivered the opinion of the court:

Upon application for judgment against real estate in McHenry county, Illinois, delinquent for taxes thereon for the year 1898, the appellant appeared and filed objections. Some of the objections were sustained and others were overruled, and judgment was entered accordingly.

The first objection relied upon by appellant which was overruled is numbered 8, and it is, that the school tax of $1500 levied for building purposes in union school district 1 in the town of Algonquin and district 3 in the town of Nunda is illegal, for the reason that there had been no vote of the electors authorizing any sum to be levied for building purposes. The evidence shows that an election was held in June, 1883, for the purpose of locating a school house site and for the appropriation of $15,000 to build a new school house, and these propositions were carried. The board issued three bonds for the sum of $5000 each, and payable in ten, twelve and fifteen years from date, with interest at the rate of six per cent, payable semi-annually. On July 28, 1898, the board of education made a certificate that they required the sum of $1500 to be levied for building purposes. It was to aid in the payment of one of these bonds. It is contended by appellant that the record does not show any vote for issuing the bonds, but the objection filed does not present that question. The tax was for building purposes, and was regularly levied. The court did not err in overruling the objection.

The next objection is the eleventh, and is, that the school tax levied in district number 5 in the town of Hartland is illegal, for the reason that the certificate was not signed by a majority of the board, and was not

made by the directors in their capacity as a board. In that district the school directors held a meeting, and there was a motion made to levy this tax. The motion was carried, but no certificate was made and no record was made of the action. One of the directors testified that the others told him to sign their names to the certificate when he got it; that he could sign their names to that or any other paper which would come up,—to the tax certificate or schedule or order, or the county superintendent's report, or any other paper belonging to the school. He testified that he afterwards made this certificate and signed the names of the other directors to it. One of the other directors thought that he signed the certificate at the Hartland depot, where he shipped milk. The court permitted the other director to sign his name to the certificate on the hearing. We have held that, the legislature having prescribed that the making of a certificate of the school directors and filing with the township treasurer constitutes the levy of school taxes, the mere failure of the clerk to keep a record of such official act will not invalidate the tax. (*Lawrence* v. *Traner*, 136 Ill. 474.) This certificate being the basis for the imposition of taxes, the power to make it can only be exercised at a meeting of the board, and while the court may permit an ineffectual attempt to make such a certificate at a meeting of the board to be amended, it cannot dispense with a levy of the tax or vitalize a levy void *ab initio*. (*People* v. *Smith*, 149 Ill. 549.) The statute prohibits the board from transacting any official business except at a regular or special meeting. (School Law, art. 5, sec. 19.) The certificate is jurisdictional, and the levy could not be made valid by an amendment. The permission to the other director to sign could not avoid the material defect. (*People* v. *Chicago and Northwestern Railway Co.* 183 Ill. 311.) The court erred in overruling the objection.

The next objection is the fourteenth,—that the town tax in the town of McHenry was illegal because not

levied as provided by law. The record of the annual town meeting shows the following: "Motion made by F. K. Granger to permit supervisor to levy tax of $1500 for town expenses, etc., was unanimously carried." The town clerk certified to the county clerk as follows:

"I, M. J. Welch, town clerk in and for the town of McHenry aforesaid, do hereby certify that the amount of $1500 is required to be levied as a tax for town purposes upon all the real estate and personal property in said town liable for taxation for the year 1898, as appears from the record entries of moneys voted to be raised at the town meeting, and from the certificate of the board of town auditors of said town, in my office remaining.

"Given under my hand this 6th day of September, 1898.

M. J. Welch, *Town Clerk.*"

The record shows that the electors authorized the levy of a tax of $1500 for town purposes. The facts that by the terms of the motion the supervisor was directed to levy the same, and the town clerk, in addition to stating that the amount was required as appeared from the entries of the moneys voted at the town meeting, also stated that the same was certified to by the board of town auditors, do not affect the substantial justice of the tax or render it illegal. The clerk had sufficient authority for the certificate and his statement about the board of town auditors was surplusage, which did not invalidate it.

It is objected in argument that there is more than one voting place in the town of McHenry, and that it does not appear at which place the meeting was held. There is but one town meeting in a town, and it was not error to overrule this objection.

The next objection is the seventeenth,—that the school tax levied in district number 9 in the town of Marengo is void for want of a valid certificate. There was a meeting of the board, but no minutes were kept and no record made. They talked over $250 as the amount for the tax. No certificate was made and no motion made or adopted. One of the directors told the clerk of the board when he

got the certificate he could sign his name to it, and the other director said nothing about it. The clerk made the certificate at another time and place, and signed his own name and that of the other director, who had said he might do so. This certificate was void for reasons already stated. The court was in error in overruling the objection.

The eighteenth objection is, that the school tax in district number 9 in the town of Coral is illegal. The annual meeting of the board was held in that district, and the directors agreed upon $250 as the tax levy, but there was no motion or vote on the question. Some time afterward, on June 30, 1898, the certificate was made and carried around and signed by the directors at their residences, at different times. The levy was void. The objection should have been sustained.

The nineteenth objection is to the school tax levied in union district number 9 in the towns of Grafton and Coral. Here, again, the directors had a meeting and figured out that they wanted $250. The meeting was held in April. There was no certificate made by the board and nothing done about it, but on August 3, 1898, one of the directors got a certificate and signed it and took it to the house of the president, and he signed it, and it was taken to the treasurer. The certificate was a nullity. The objection should have been sustained.

The twentieth objection was to the town tax of Seneca. The minutes of the annual town meeting were in evidence and there was no action appearing with reference to the levy of the tax. Witnesses testified that there was a motion to raise $600 and that the motion was carried. The court permitted the record to be amended so as to show a vote of $600 for township purposes. It was not error to permit the amendment. (*Chicago and Northwestern Railway Co.* v. *People*, 174 Ill. 80.) The evidence, however, showed that the clerk sent a certificate of some sort to the county clerk, and the county clerk

said it was not right and sent him another blank, which he filled up, but he does not know what he wrote. He was told afterward that it was not right, and he told another party to tell the county clerk to correct it. The certificate was changed by the county clerk and showed an erasure which was not explained. The certificate was in regular form when offered on the trial, but it had been altered. He could not authorize the county clerk to make a certificate for him, and he might just as well have sent word to the clerk to make the certificate as to alter it. The certificate upon which the levy was made was illegal. The objection was good, and it was error to overrule it.

The twenty-first objection is to the school tax levied in district number 10 in the town of Chemung. The district was under the control of a board of education. At a meeting of the board the levy was authorized by a motion carried unanimously. The certificate was made at the meeting, but it was signed only by the president and secretary of the board, under the belief that that was the proper way to do it. They thought a board was more important and had different methods from a board of directors, but the others who were present approved of it, and would have signed it if they had supposed it was necessary or that the other method was not the proper one. The court permitted them to amend the certificate upon the hearing by signing it. The certificate was an official act of the board at a regular meeting, and the court had power to permit it to be put in proper form. *Spring Valley Coal Co.* v. *People*, 157 Ill. 543; *Chicago and Northwestern Railway Co.* v. *People*, 183 id. 247.

The judgment of the county court is reversed as to the taxes objected to by objections numbered 11, 17, 18, 19 and 20, and in all other respects is affirmed. The cause is remanded to that court, with directions to sustain said objections 11, 17, 18, 19 and 20 and to enter judgment accordingly.

*Reversed in part and affirmed in part.*