| | |
|---|---|
| 201 | 351 |
| 205 | 5584 |
| 206 | 1144 |
| 201 | 351 |
| 207 | 568 |
| 201 | 351 |
| 212 | 5525 |
| 213 | 200 |
| 213 | 1206 |
| 201 | 351 |
| 215 | 5 70 |
| 215 | 5126 |
| 215 | 1127 |

THE INDIANA, DECATUR AND WESTERN RAILWAY CO.

*v.*

THE PEOPLE *ex rel.* Henry C. Jones, County Collector.

*Opinion filed February 18, 1903.*

1. TAXES—*town clerk's certificate of levy is essential to extension of tax.* The town clerk's certificate of town tax levy is the county clerk's authority for extending the tax, and any attempt to extend the tax without such certificate is illegal and void.

2. SAME—*highway commissioners must levy road tax on day required by law.* If no meeting of highway commissioners to determine the rate of road and bridge tax levy is held upon the first Tuesday in September, as required by law, a certificate of levy made by them on a later date is illegal and void. (*St. Louis Bridge Co.* v. *People,* 127 Ill. 627, and *Same* v. *Same,* 128 id. 422, explained and reconciled with *St. Louis Nat. Stock Yards* v. *People,* 127 id. 22.)

3. SAME—*it is presumed that matters not objected to are unobjectionable.* Upon application for judgment of sale the trial is had upon the objections specified, and the presumption is that all else is admitted to be correct and free from objection.

4. SAME—*when action of county court in overruling objection will be upheld.* The overruling of a specific objection that a city tax was excessive will be upheld, on appeal, where the ground of objection to the tax is changed on appeal and based upon alleged defects in the appropriation ordinance and no reason is pointed out why the overruling of the first objection was not correct.

5. SAME—*when court may permit an amendment of certificate of school tax levy.* Upon application for judgment of sale the court may permit the date of a certificate of school tax levy to be changed in accordance with the actual fact, and may allow the members of the board of education to sign their names to the certificate, if they were present and willing to sign the certificate when it was made but did not know it was necessary.

6. SAME—*effect where certificate of levy is not prepared at the meeting.* The fact that a certificate of school tax levy was not prepared and signed by the president and clerk of the board of education until the day after the meeting of the board does not prevent its being amended by changing the date and allowing the members of the board to sign their names, where the resolution adopted at the meeting fixed amount of the tax, and directed it should "be certified and returned to the township treasurer, as required by law."

APPEAL from the County Court of Douglas county; the Hon. WILLIAM H. BASSETT, Judge, presiding.

George W. Fisher, for appellant.

John H. Chadwick, and W. W. Pepper, for appellee.

Mr. Chief Justice Magruder delivered the opinion of the court:

This is an application for judgment and order of sale for delinquent taxes for the year 1901, extended against the line of railway belonging to the appellant company and running through Douglas county, and the several towns and districts therein. Objections were filed by the appellant to the entry of judgment, all of which were overruled by the county court of Douglas county; and judgment was entered accordingly. The present appeal is prosecuted from such judgment.

*First*—Objections were filed to the entry of judgment for the following town taxes, to-wit: Town of Newman, $37.95; Murdock, $53.39; Camargo, $39.94; Tuscola, $39.86; Garrett, $49.03. The same objection applies to each of the town taxes thus named. The objection made is, that no town collector's certificate of a town tax levy for the taxes of 1901 was filed with the county clerk of Douglas county for either of the town taxes in controversy, and that his only authority for the extension of these taxes was certificates signed by the several supervisors. The objection is a good one, and should have been sustained.

Section 4 of article 12 of the act in regard to township organization provides that the town clerk "shall annually, at the time required by law, certify to the county clerk the amount of taxes required to be raised for all town purposes." (3 Starr & Curt. Ann. Stat.—2d ed.— p. 3943). In interpreting the language of this section, we said in *Peoria, Decatur and Evansville Railway Co.* v. *People ex rel.* 141 Ill. 483 (on p. 487): "It will thus be seen that, in the extension of town taxes, the authority of the county clerk is the certificate of the town clerk. Without such certificate any attempt to extend such tax is illegal and void. (*Ohio and Mississippi Railroad Co.* v. *Weber*, 96 Ill. 443).

Back of such certificate must, of course, be a levy of the tax by the proper township authorities, because from such levy, only, can the town clerk obtain the amount to be certified." (See also *Chicago and Northwestern Railway Co.* v. *People*, 184 Ill. 240). The testimony of the county clerk of Douglas county shows, that no certificate of town tax levy was filed with him for the year 1901 by the town clerk in either of the townships named, and that the only authority for the extension of the tax was certificates signed by the several supervisors.

*Second*—Objection was also made to the road and bridge tax of the township of Newman for the year 1901 upon the following ground: The first Tuesday in September, 1901, was the third day of September, 1901, and the annual meeting of the county board was required to be held on the second Tuesday, being the 10th day of September of that year, but the certificate of levy for Newman township road and bridge tax for 1901, filed in the office of the county clerk, bears date as of September 9, 1901, and the town clerk of said town certifies that the levy for road and bridge tax was made by the commissioners of highways on that day. This objection was well taken, and should have been sustained.

The commissioners of highways are required to meet semi-annually on the first Tuesday in September, preceding the annual meeting of the county board to be held on the second Tuesday in September, to determine upon the rate per cent of road and bridge tax and levy the same. (3 Starr & Curt. Ann. Stat.—2d ed.—chap. 121, sec. 13, p. 3552; *Chicago and Northwestern Railway Co.* v. *People, supra.*) It is conceded that the first Tuesday in September, 1901, was the third day of September, and the annual meeting of the county board, required to be held on the second Tuesday, would be September 10 of that year. The fiscal year did not commence on September 9, 1901, but on September 3, and the commissioners were required to estimate the amount of their levy and

201—z3

make the same on the third day of September, 1901. (*Comrs. of Highways* v. *Newell*, 80 Ill. 587). They can only act in the manner and at the time specified by the stat- ute. (*St. Louis Nat. Stock Yards* v. *People*, 127 Ill. 22). In the case at bar, the certificate of levy and the town clerk's certificate thereto show that the levy was made on September 9, 1901, and there was no proof on the part of the People that the commissioners met with the board of town auditors on September 3, 1901.

There is an apparent conflict between the case of *St. Louis Nat. Stock Yards* v. *People*, 127 Ill. 22, on the one side, and the two following cases on the other, to-wit: *St. Louis Bridge, etc. Railroad Co.* v. *People*, 127 Ill. 627, and *St. Louis Bridge Co.* v. *People*, 128 id. 422. The two cases last mentioned are not to be construed, as holding that the commissioners could hold their meeting to determine upon the rate per cent of road and bridge tax, and levy the same, at a later date than that fixed by the statute. On the contrary, it is announced in each of the two cases thus referred to that the question there considered is dis- posed of in accordance with the ruling made in *St. Louis Nat. Stock Yards* v. *People*, *supra*. In other words, the lan- guage of the two cases mentioned shows that it was the intention there to follow the case of *St. Louis Nat. Stock Yards* v. *People*, *supra*, and not to announce any view in conflict with it. In *St. Louis Nat. Stock Yards* v. *People*, *supra*, it was said (p. 24): "It is contended that this levy is void, because not made on the 6th day of September, —the time fixed by the statute when the commissioners shall act. It is true that the commissioners of highways, in making a levy, can only act in the manner and at the time specified in the statute. They must exercise the powers conferred upon them by the legislature as they are given, or their acts will be nugatory; and we think it is a plain proposition, that if no meeting had been held and no action had been taken on the 6th day of Sep- tember, the levy made in the following week would have

been void.  But the record of the commissioners of high-
ways, read in evidence on the trial, shows that on the
6th day of September a meeting was had, and the ques-
tion of fixing upon the rate of tax was brought up, but,
as one of the commissioners was absent, the meeting was
adjourned for final action, until the 13th day of Septem-
ber.   After the commissioners met on the day specified
in the statute, we do not think it was an abuse of power
to defer action and adjourn to a specified day, and then
resume the business which had been commenced at the
time prescribed by the statute."   The action, taken in
that case on September 13 instead of September 6, was
only justified upon the ground that the commissioners
met on September 6 and the question of fixing the rate
of road and bridge tax was brought up and not finally
decided, and the meeting was adjourned to a fixed day
when there was a full attendance of the board, and the
rate was then fixed; and for this reason the levy was
held to be valid and binding.

In the case at bar, however, it is not true that a meet-
ing was held on September 3, 1901, where the question
of fixing the rate was brought up and not finally decided
and that then an adjournment was taken to Septem-
ber 9, 1901.   On the contrary, no meeting whatever was
held on September 3, 1901, and the first meeting held by
the commissioners for the purpose of determining upon
the rate per cent of road and bridge tax and levying
the same was held on September 9, 1901, and the latter
meeting was not held in pursuance of any adjournment
from any former meeting, held upon the day fixed by the
statute.   Therefore, the language used in *St. Louis Nat.
Stock Yards* v. *People, supra,* is precisely applicable here,
namely, that no meeting having been held and no action
having been taken on September 3, 1901, the day fixed
by the statute, the levy made in the following week was
void.   In view of the reasoning adopted by this court in
the case of *Chicago and Northwestern Railway Co.* v. *People,*

193 Ill. 598, the defect, involved in meeting at a later day than the day fixed by the statute, is not cured by section 191 of the Revenue act, which provides that no tax shall be considered illegal on account of any irregularity in the tax lists or assessment rolls, or on account of the assessment rolls or tax lists not having been made, completed or returned within the time required by law, and that no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax. (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3470).

*Third*—Objection was also made by the appellant to $90.76 of the city tax for the city of Newman. Of this tax appellant voluntarily paid the sum of $129.60, or at the rate of $2.00 on its valuation in said city of $6483.00, but refused to pay the remainder, $90.76, assessed in excess of that rate; and the objection, made to the tax, was that it was excessive and illegal. That is to say, appellant's specific objection in writing to the city tax upon the trial below was, that the same was extended at the rate of $3.40 on each $100.00 of taxable valuation of its property in the city, and it set forth in its objection that it had paid at the rate of $2.00 on each $100.00, and objected to the excess of $1.40 on each $100.00 worth of property, said excess amounting to $90.76. The case was tried below upon this theory. In this court, however, the appellant seems to have abandoned the objection, that was urged by it in the county court, and has assumed a new position not advocated by it before the trial court. The new objection here made is, that the levy ordinance is defective, because it does not specify in detail the purposes for which the appropriations theretofore made for the fiscal year were made, and the sum or amount appropriated for each respectively. It is true that the ordinance was introduced in evidence on the trial below, but was merely introduced for the purpose

of showing that the rate was excessive, and not for the purpose of showing that the ordinance itself was defective. (*People ex rel.* v. *Peoria, Decatur and Evansville Railroad Co.* 116 Ill. 410).

When objections are made in the trial court in cases of this kind, the trial is had upon the points raised by such objections, and the presumption is that all else is admitted to be correct and free from objection. In *Karnes* v. *People*, 73 Ill. 274, we said (p. 280): "It would be a perversion of justice to permit a party to raise specific objections and contest the rendition of judgment, tacitly admitting the taxes were due, by not denying the fact, and then to raise that question for the first time in this court. But the return under oath was *prima facie* evidence on which to render the judgment, and not having been overcome by proof it is sufficient to sustain the judgment." So, in *Chicago and Alton Railroad Co.* v. *People*, 155 Ill. 276, we said (p. 279): "Whether the position is well taken or not, it is clear the question is not properly presented by the objection filed. It could only be raised by specifying, in writing, that particular cause of objection. (Rev. Stat. chap. 120, sec. 191). When objections are made, the trial is only upon the points thus raised, the presumption being that all else is admitted to be correct and free from objection." Again, in *Kirchman* v. *People*, 159 Ill. 265, we said: "It is also well settled that only such objections to the judgment can be urged against the assessment or tax as are specifically made in writing, at the time of the application. The trial is only upon the points raised by objections filed, the presumption being that all else is admitted to be correct and free from objection." (See also *Chicago and Northwestern Railway Co.* v. *People*, 184 Ill. 174). In the latter case of *Chicago and Northwestern Railway Co.* v. *People*, the doctrine was recognized that only such objections to judgment could be urged against the tax as are specifically made in writing, but it was there said that the case was tried

below on its merits, and as if the objection was sufficient to challenge the legality of the tax upon any of the grounds mentioned. Such, however, was not the case here, but the objection submitted at the trial in the court below was upon the specific ground that the tax was excessive. The sworn report and application for judgment of the collector made a *prima facie* case; and no reason has been pointed out to us by. counsel for appellant in the present case why the specific objection made upon the trial below was not properly overruled by the county court. We are, therefore, not disposed to disturb the judgment of the county court, so far as the city tax of the city of Newman is concerned.

*Fourth*—Objection is made by the appellant to the school tax of school tax district No. 35-16-14, amounting to $296.82. The objection, made to this school tax, is two-fold: First, that the board of education of school district No. 35-16-14 did not, at any regular or special meeting of said board of education, levy, or attempt to levy, any school tax for any purpose for the year 1901; and second, that the alleged certificate of school tax levy, filed with the county clerk of Douglas county, is not in fact a certificate of school tax levy, as required by law; that said certificate was not signed by said board of education, or any member thereof, at the time and place of any regular or special meeting of said board of education, or in its presence; that the aforesaid jurisdictional acts, necessary to a valid levy of school tax and the making and issuing a certificate thereof, were not performed by said board of education for the year 1901, as required by law, and that said levy and certificate thereof are illegal and void, and that the tax, extended thereon against the property of appellant, is an illegal and void tax.

This district is controlled by a board of education, consisting of six members. A meeting of the board was held on August 3, 1901, at which all the members were

present, and at which time the amount of school tax to be levied for the year 1901 was determined. The record of the board of education shows that, at the meeting on August 3, 1901, the president was in the chair, and four members, naming them, answered to their names; that the president stated the object of the meeting to be to make the annual levy; that, upon motion of Mr. Root, that there be levied a special school tax for 1901 of $3200.00, and for buildings and repairs, $1000.00, total $4200.00, the motion prevailed. The record of the meeting is signed by John W. King, clerk. The tax certificate was as follows:

"We hereby certify that we require the amount of $3200.00 to be levied as a special tax for school purposes, and $1000.00 for building purposes and repairs on the taxable property of our district, lying in Douglas county, for the year 1901. Total amt. $4200.00.

"Given under our hands this 7th day of August, A. D. 1901.

J. H. Piper, *Pres. B. of E.*,

J. W. King, *Clerk,*

*Directors of District,*" etc.

Upon the trial, after testimony given by the clerk of the board and by the president of the board, the People were allowed to amend the record of the board meeting by inserting the name of a member of the board, whose name was not inserted in the record of the meeting, although he was then present, and the People were allowed to amend the date of the certificate of levy by changing the date from August 7 to August 3; and were furthermore permitted to amend the certificate of levy by permitting three members of the board then present to sign the same.

The contention is, that the certificate of levy, dated August 7, signed by the president and clerk of the board of education, was issued without the direction, authority or knowledge of the board, and was only the voluntary and unauthorized act of the president and clerk. The testimony in the case shows, that the certificate of levy

was prepared at the meeting of the board on August 3 and while the board was in session; that it was signed only by the president and clerk, because the members believed that only the signatures of the president and the clerk were necessary, and thought that it was not necessary for all the members of the board to sign the certificate. It was further shown by the evidence, that the certificate was dated August 7, instead of August 3, through a mistake. The members of the board testified that they did not sign the certificate for the reason that they did not think it necessary, and would have signed it had they known it was necessary, and were willing and desired to sign it at the time of the trial, and, as already stated, were permitted to do so in the presence of the court. In *People* v. *Smith*, 149 Ill. 549, it was held that the court in its discretion may correct the proceedings, supply defects therein and make them conform to law, or permit the same to be done, in the presence of the court, by the officer through whose neglect or default the same was occasioned.

It appears here, that the members, who desired to sign the certificate at the time of the trial, were willing to sign it when it was made; that the certificate was signed by the president and clerk at the meeting of the board and in the presence of the board at the session held on August 3, 1901. The levy was made up and signed before the board had adjourned. The members of the board present knew of and assented to the making of the certificate. The failure to sign it was merely a mistake upon their part. Where permission to subscribe the names of the members at the time of the trial has been denied, it is because it did not appear from the proofs that the members of the board, who desired to be permitted to attach their names to the certificate, had ever assented to the making of the levy, or that the omission of their names from the certificate was the result of a mere neglect or default on their part to do that which

the law required them to do, and which they were will-
ing to do but did not do through mistake or ignorance
of their legal duty.  In the case at bar, however, all
the facts exist which bring the case within the rule an-
nounced in *Chicago and Northwestern Railway Co.* v. *People,*
183 Ill. 247, and *Chicago and Northwestern Railway Co.* v.
*People,* 184 id. 240.  In the latter case we said (p. 245):
"The twenty-first objection is to the school tax levied in
district No. 10 in the town of Chemung.  The district was
under the control of a board of education.  At a meeting
of the board the levy was authorized by a motion carried
unanimously.  The certificate was made at the meeting,
but it was signed only by the president and secretary of
the board, under the belief that that was the proper way
to do it.  They thought a board was more important and
had different methods from a board of directors, but the
others who were present approved of it, and would have
signed it if they had supposed it was necessary or that
the other method was not the proper one.  The court per-
mitted them to amend the certificate upon the hearing
by signing it.  The certificate was an official act of the
board at a regular meeting, and the court had power to
permit it to be put in proper form."  (*Spring Valley Coal
Co.* v. *People,* 157 Ill. 543).

We are, therefore, of the opinion that the certificate
as amended was sufficient; that the trial court had the
power to permit the same to be amended; and that the
amending of the same was legal and proper; and that
the tax extended thereon is legal.  Hence, we are not
disposed to disturb the action of the trial court in over-
ruling the objection to the school tax in school district
No. 35-16-14.

*Fifth*—Objection is made by appellant to the school
tax of the Tuscola union school district No. 82-16-8.  The
substance of the objection made to this tax is, that the
certificate of levy was made and signed on August 6, 1901,
by the president and clerk of the board, whereas the

meeting of the board, at which the amount of school tax to be levied for the year 1901 was determined, was held on the 5th day of August, 1901. This district, like the one last referred to, is controlled by a board of education consisting of six members. These members were all present at the meeting of the board on August 5, 1901. At that meeting the following resolution was offered and adopted, to-wit:

"*Resolved by the Board of Education of the Tuscola Union School District,* That the sum of $12,500.00 (to) be levied as a special tax for school purposes, and to cancel $1000.00 school district bond, and to pay the interest on district bonds on the taxable property of said district lying in Douglas county for the year 1901, and that said sum or amount be certified and returned to the township treasurer as required by law."

The certificate of levy is as follows:

"We hereby certify that we require the amount of $11,500.00 to be levied as a special tax for school purposes, and $1000.00 for canceling one bond on the taxable property of our district for the year 1901.

"Given under our hands, this 6th day of August, A. D. 1901.

J. N. Shirk, *President,*

J. A. Sloan, *Clerk,*

*Tuscola Union School District, Douglas County, Illinois.*"

The contention of the appellant is, that the board of education did not make any certificate of tax levy, or direct any person or member to do so; that there was no meeting of the board on the 6th day of August, 1901, and no certificate was made on the 5th day of August while the board was in session; that the certificate was signed on August 6 by two members of the board, to-wit, the president and the clerk or secretary, but that the board had no authority to delegate its powers to two of its members, so that they could perform the jurisdictional act of making and certifying the certificate of levy the next day, or at any other future time, or that the board could by such an order dispense with the legal requirement, that the official business of the board should be transacted during the meeting, and while in session.

We think that the objection of appellant, as above stated, would have great force, if it were not for the following words which were inserted in the resolution, adopted by the board on August 5, 1901, to-wit: "And that said sum or amount be certified and returned to the township treasurer as required by law." The evidence in this case shows that the members of the board of education, who voted for the resolution, did not sign the certificate because they did not think it was necessary, or know that it was necessary; that they thought that the signatures of the president and clerk would be sufficient; that the clerk prepared the certificate the day after the meeting; that it was signed on that day. The members of the board testified that, had they known that it was necessary for them to sign the certificate, they would have signed the same, and that they were willing and desired to sign the same at the time of the meeting. On motion of the People, the certificate was amended by erasing the figure 6 in the date and inserting in lieu thereof the figure 5, making the date of the certificate August 5, 1901. Also upon motion of the People the court permitted the other members of the board, who were present and voted for the resolution to sign the certificate, and the certificate was amended by adding their signatures thereto in the presence of the court. We do not regard this action of the court under the circumstances as objectionable. It is true, that the certificate was not prepared and signed at the meeting of the board and in the presence of the board on August 5, 1901, yet the resolution passed at that time fixed the amount of the tax to be raised, and directed that the same should "be certified and returned to the township treasurer as required by law." The certificate, subsequently prepared by the clerk, was so prepared for the purpose of complying with this resolution, and, after being signed by the president and clerk, was returned to the township treasurer.

In *People* v. *Chicago and Northwestern Railway Co.* 183 Ill. 311, it was said (p. 313): "It is not a case where there was a mere failure to properly enter of record the proceedings of the board, but no action whatever concerning the certificate was taken by the board.    If such action had been taken and shown, a different case would have been presented.    The mistake in the mere designation of the body might doubtless have been corrected, and the certificate might have been signed by the members of the board in accordance with the request made at the trial, had the board made, or authorized the making of, the certificate." In the case at bar, the board authorized the making of the certificate in the resolution which was adopted at the meeting of August 5.

In *People* v. *Smith*, 149 Ill. 549, it was held that the levy there involved was void *ab initio* and could not be made valid by amendment for the reason "that there is, in the proceedings of the board, no order or direction that the certificate, contemplated by said section of the statute, be filed, or any attempt to authorize any person or persons to file the same." In the case at bar, however, there was in the resolution an order or direction that a certificate be made and returned to the township treasurer. The certificate here filed purported to be made under the authority of the board.    The certificate having been made under the authority of the board and by direction of the board, the acts of the president and clerk in signing it were the acts of the board itself.    The remaining members of the board, who were present at its meeting and voted for the resolution authorizing the making and return of the certificate, were present in court, and, by leave of the court, there signed the certificate.    We are, therefore, of the opinion that the amendment, thus made under the permission of the court, legalized the certificate and the tax levied thereon.    For this reason we are not disposed to disturb the judgment of the court overruling the objection to this school tax.

Accordingly, the judgment of the county court is reversed as to its action in overruling the objections of the appellant to the town taxes, and to the road and bridge tax, but its judgment is affirmed, in so far as it overruled the objections of the appellant to the city tax of the city of Newman, and the school taxes above named; and the cause is remanded to the court below with directions to sustain the objections of the appellant to the town taxes and the road and bridge tax, and change its judgment accordingly.          *Partly reversed and partly affirmed,*
*and remanded with directions.*