AMOS SHRIVER

*v.*

JAMES MCGREGOR *et al.*

*Opinion filed December 22, 1906.*

1. TAXES—*when collection of tax will not be enjoined.* Collection of a school tax levied by authority of law upon property not exempt from taxation will not be enjoined for irregularities in the certificate of levy which might be amended, if the facts so warranted, upon application for judgment of sale.

2. SAME—*effect where certificate of school tax levy is not properly signed.* The fact that a certificate of school tax levy is not signed by the majority of the members of the board of education is not conclusive that the certificate was not made and the tax levied by authority of such board, and under section 191 of the Revenue act the certificate may be amended to show the true facts, upon application for judgment of sale.

3. SAME—*what does not justify enjoining collection of city tax.* A city tax levied upon property owned by the complainant and subject to taxation will not.be enjoined because the tax levy ordinance does not specify in what proportion the amount levied for a deficiency shall be applied to the purposes mentioned in the appropriation ordinance, nor because it does not specify what part of the taxes levied shall be appropriated to each purpose for which the appropriations are made.

APPEAL from the Circuit Court of Clay county; the Hon. S. L. DWIGHT, Judge, presiding.

ROSE & MCCOLLUM, for appellant.

R. S. C. REAUGH, State's Attorney, and WILLIAMS & TOLLIVER, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was begun by a bill filed in the circuit court of Clay county seeking to enjoin the tax authorities from collecting certain back taxes extended by the county clerk of Clay county, by order of the board of review of said county,

for certain years, extending back as far as 1889. The action of the board of review in assessing appellant's property resulted from an investigation by said board, in which the appellant appeared before it and was examined as to certain personal property owned by him and liable to taxation from 1889 to 1897. Appellant did not deny owning the property, but says he told the board of review that he had certain credits which he exchanged for greenbacks, because he was told by a banker that greenback money was not taxable; that he did this to avoid taxes, because he was advised that others were doing the same thing, and on being asked if he did not tell the board of review that after the time for assessment had passed he returned the greenbacks and took up the property exchanged for them, said, "I don't know whether I said that or not; perhaps I did." On the hearing the bill was sustained as to certain of the taxes complained of, and as to said taxes the temporary injunction theretofore granted was made perpetual. As to the other taxes the temporary injunction was dissolved and complainant's bill dismissed, from which decree he prosecutes this appeal.

Appellant contends that the court erred in dissolving the temporary injunction and dismissing the bill as to the school taxes for district No. 33, in which is located the city of Flora, for the years 1889 and 1890 and also for the years 1892 to 1897, inclusive, and as to the city tax for the city of Flora for the years 1889, 1890, 1892, 1893 and 1894. These are the only questions raised upon this appeal.

The objection made to the school taxes is, that they were not legally levied for the years mentioned. The school district was under the management of a board of education, composed of six members and a president, and the certificates of tax levy introduced in evidence by complainant were not signed by a majority of the members of the board of education. The certificate for 1889 was signed by three persons as "directors" of said district. The certificate for 1890 was signed by the president and clerk of the board of education.

The certificate for the taxes for 1892 was signed by the president and clerk of the "directors" of the district. The certificate for 1893 is signed by four persons as "directors." The certificates for 1894 and 1895 are signed by two persons as "president" and "clerk" of the board of education. The certificate for 1896 was signed by one person as "clerk" of the "directors" of said district, and the certificate for 1897 by two persons as "president" and "secretary." These certificates not being signed by a majority of the members of the board of education, as was held to be necessary in *People* v. *Smith,* 149 Ill. 549, it is contended, were illegal and void, and that the tax extended by virtue thereof which is sought to be collected should have been enjoined. It is not claimed that the board of education had not the right and authority to levy the tax, but that in attemping to levy it said board did not proceed according to law. Neither was it shown at the hearing, nor is it contended by appellant in his brief and argument here, that he did not own the property assessed or that the property was not subject to taxation.

It has been held from an early date in this State that where the tax is levied by a person exercising an office to which the power of levying the tax is incident, equity will not entertain jurisdiction to prevent its collection for mere irregularities or informalities in levying the tax. There are exceptions to this rule in cases where there is no law authorizing the levy sought to be made or where the property sought to be taxed is exempt from taxation, or where the taxing tribunal has exceeded the limits of its power. (*Chicago, Burlington and Quincy Railroad Co.* v. *Frary,* 22 Ill. 34; *Merritt* v. *Ferriss,* id. 303; *Munson* v. *Minor,* id. 595; *Cook County* v. *Chicago, Burlington and Quincy Railroad Co.* 35 id. 460; *DuPage County* v. *Jenks,* 65 id. 275; *Andrews* v. *Rumsey,* 75 id. 598; *Keigwin* v. *Drainage Comrs.* 115 id. 347; *Reynolds* v. *Drainage District,* 134 id. 268; *New Haven Clock Co.* v. *Kochersperger,* 175 id. 383.) The fact that the certificates were not signed by

a majority of the members of the board of education is not conclusive that they were not made and the tax levied by the acts and authority of said board. Said certificates are amendable under section 191 of the Revenue act, and upon objections to an application for judgment the certificates of levy may, if the facts justify the amendment, be amended so as to conform to the law. (*Chicago and Northwestern Railway Co. v. People,* 183 Ill. 247; *Schmohl v. Williams,* 215 id. 63.) It would be a manifest injustice to the public where a tax is, in fact, levied in accordance with law and the certificate of levy is not in proper form but can be made so on application for judgment under the provisions of our revenue code, to enjoin the collection of the tax before opportunity for such amendment is afforded. The law affords appellant ample remedy at law if the levies were in fact illegal, and in such case he cannot resort to a court of equity.

Appellant's objection to the city tax for the city of Flora for 1889 is, that the appropriation ordinance appropriated $3600, $900 of which was appropriated for salaries of officers, $750 for making and repairing sidewalks, $500 for repairing streets and alleys, $100 for publishing ordinances, $750 for drainage and sewers and $600 for miscellaneous purposes. The tax levy ordinance recited the appropriations made by the city and the purposes for which each appropriation was made, and provided for a levy of $1000 "for the purpose of meeting the deficiency in said appropriations," but did not state what proportion of the $1000 should be appropriated for each of the purposes mentioned in the appropriation ordinance. It is admitted by counsel for the defendant that the same conditions exist as to the tax levy ordinances for the years 1892, 1893 and 1894, except as to the latter year the levy ordinance provided that the amount levied to be raised by taxation "be divided into funds for the several purposes above enumerated, *pro rata,* according to the amounts of the said several appropriations above

specifically made." Neither the appropriation nor the levy
ordinance for the year 1890 is in the record, and as to that
year it will be presumed that proper ordinances were passed
and the taxes levied in conformity to law. (*Keokuk Bridge
Co.* v. *People,* 161 Ill. 132.) As to the other years men-
tioned, appellant's contention is that the taxes are illegal
because the levy ordinances did not provide what part of
the taxes levied should be appropriated to each purpose for
which the appropriations were made, respectively, as was
held should be done in *People* v. *Peoria, Decatur and Ev-
ansville Railroad Co.* 116 Ill. 410. The levy ordinance for
three of those years makes no reference to the apportion-
ment of the taxes to the purposes for which appropriations
were made in the appropriation ordinances, and while such
defects are not amendable, the objections made do not bring
the case within the class of cases prescribed in the author-
ities above cited where equity will entertain jurisdiction to
enjoin the collection of the tax. As the taxes, both school
and city, sought to be collected are not illegal, and as the
authorities seeking to impose them had the power to levy
the tax but the difficulty is that they are claimed to have been
illegally levied, and as appellant owned property subject to
the taxes and for the purposes proposed which he did not
list to the assessor and which thereby escaped taxation, the
case comes within the rule announced in *Williams* v. *Dut-
ton,* 184 Ill. 608, that equity "will not lend its aid to a com-
plainant unless even-handed justice and good conscience
demand that relief should be granted." Appellant must
therefore be remitted to his remedy at law.

The decree of the circuit court is affirmed.

*Decree affirmed.*