THE PEOPLE *ex rel.* James Smith, County Collector,

*v.*

THE CHICAGO AND ALTON RAILROAD COMPANY.

*Opinion filed December 16, 1903.*

1. ROADS AND BRIDGES—*section 14 of Road and Bridge act must be strictly complied with.* Section 14 of the Road and Bridge act, as amended in 1901, (Laws of 1901, p. 274,) requiring the written consent of a majority of the town auditors and the assessor to an additional road and bridge tax to "definitely and specifically" direct the particular purposes to which such tax shall be applied, must be strictly complied with.

2. SAME—*when additional road and bridge tax is invalid.* An additional road and bridge tax is invalid where the only specification of the purpose of the tax contained in the written consent of the town auditors and the assessor is, that it is "needed in said town in view of the contingency of floods, that building and repairing of bridges."

APPEAL from the County Court of McLean county; the Hon. R. A. RUSSELL, Judge, presiding.

WELTY, STERLING & WHITMORE, for appellant.

F. D. TRACY, and A. E. DeMANGE, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellee company filed objections to the application of the treasurer of McLean county for judgment against its property for all road and bridge taxes levied

in the town of Lexington for the year 1902 above the levy of sixty cents on each $100. The objections were sustained and the treasurer has appealed.

The amount which may be levied for road and bridge purposes and for outstanding orders is restricted by the provisions of section 13 of the statute entitled "Roads," etc., (chap. 121,) to sixty cents on each $100 of taxable property. Section 14 of the same chapter, as amended at the session of the General Assembly of 1901, (4 Starr & Cur. Stat. 1902, p. 1130,) authorizes an additional levy of forty cents on each $100 to be made by the highway commissioners, and is as follows: "If, in the opinion of the commissioners, a greater levy is needed, they may certify the same to the board of town auditors and the assessor, a majority of whom shall be a quorum, and with the consent of a majority of this entire board given in writing, definitely and specifically directing the particular purpose or purposes to which the same shall be solely applied, an additional levy may be made of any sum not exceeding forty cents on the $100 of taxable property of the town. If the commissioners shall use any part of the funds so authorized by said written consent for any other purpose than that therein specified without the further written consent of said board, they shall be deemed to have illegally appropriated the same, and shall be liable accordingly."

The making by a majority of the body composed of the board of auditors and the assessor, of the written consent set forth in section 14, is jurisdictional and a condition precedent to the right to levy the tax, and in the absence of strict compliance with the requirements of the statute as to such consent any special road tax levied will be void. (*Chicago and Northwestern Railway Co.* v. *People*, 200 Ill. 141.) The certificate of the highway commissioners and the consent of the board of town auditors and the assessor, relied upon as authority, under said section 14, for the additional tax levy of forty

cents on each $100 of the property of the appellee company and other tax-payers in said town of Lexington in 1902, were as follows:

"STATE OF ILLINOIS, McLEAN Co., }
      *Town of Lexington.* } *ss.*      Board of Comrs. of Highways.

"It is hereby certified to the board of town auditors and the assessor of the town of Lexington, that it is the opinion of the commissioners of highways of said town a greater levy than sixty cents on each $100 is needed in said town in view of the contingency floods, that building and repairing bridges, not exceeding one hundred cents.

"Given under our hands this 30th day of August, A. D. 1902.

WILLIAM EDWARDS,
D. D. RALSTON,
HOWELL ROWLAND,
*Commissioners of Highways.*"

"STATE OF ILLINOIS, McLEAN Co., }
      *Town of Lexington.* } *ss.*

"It having been certified to us, the board of town auditors and assessor of the town of Lexington, by the commissioners of highways of said town, that a greater levy than sixty cents on each $100 is needed in said town in view of the contingency of floods, that building and repairing bridges, consent is hereby given for an additional levy on the property of said town for the purpose aforesaid, not exceeding one hundred cents.

"Given under our hands this 2d day of September, 1902.

L. B. STRAYER,
M. F. BRAY, J. P.,
WM. N. McNAUGHT,
*Board of Town Auditors.*
JOSEPH ENOCH, *Assessor.*"

The county judge correctly held the certificate of consent of the board of town auditors and the assessor did not definitely and specifically direct the particular purpose or purposes to which the levy should be applied, as required by said section 14, as amended in 1901. The certificate of consent recites that the additional levy is needed "in view of the contingency of floods, that building and repairing bridges." Section 14, as it existed prior to the amendment in 1901, authorized the commissioners of highways, if in their opinion a greater levy

than sixty cents on the $100 is needed "in view of some contingency," to certify the same to the board of town auditors and the assessor, and authorized the additional levy to be made if the board of town auditors and the assessor, or a majority of them, should "consent in writing." The amendatory act required, not that it shall appear to the commissioners of highways "that in view of some contingency" an additional levy was desired, as did the prior act, but that the levy should only be made for a "particular purpose or purposes," to be definitely and specifically set forth in the written consent of the board, composed of the town auditors and the assessor, or a majority of such board. In view of the statute as it existed prior to the amendatory act and the change effected by the amendment, the evil intended to be remedied by the latter enactment is unmistakably manifested. The legislative intent in adopting the amendatory act was to require the auditors and the assessor to consider and determine that an additional levy was necessary in order to provide a special fund needed to be expended for the accomplishment of some particular, definite purpose or purposes, and to require that the auditors and the assessor should not only consent, in writing, to the levy of the additional tax, but should, in such written consent, definitely and specifically direct the particular purposes to which the fund produced by the additional levy should be "solely applied." The certificate of consent to the additional tax states that consent is given "in view of the contingency of floods, that building and repairing bridges." The phrase not only falls short of that definite and specific direction as to the purposes of the taxation required by the statute, but seems to be incomplete, and if not meaningless, still uncertain instead of definite, and general instead of specific.

The judgment of the county court is affirmed.

*Judgment affirmed.*