The Chicago and Northwestern Railway Company

v.

The People ex rel. F. F. Axtell, County Collector.

*Opinion filed December 16, 1902.*

1. Roads and bridges—*section 14 of Road and Bridge act construed.* The purpose of section 14 of the Road and Bridge act, as amended in 1901, (Laws of 1901, p. 274,) is to limit the highway commissioners to sixty cents on each $100 of the taxable property of the town unless an additional levy is consented to, in writing, by the board of auditors and the assessor for a specific purpose, when a separate fund may be raised to be applied solely to such purpose.

2. Same—*it is essential that written consent to excess road tax specify the object.* Section 14 of the Road and Bridge act, as amended in 1901, (Laws of 1901, p. 274,) makes the certificate of highway commissioners to the board of auditors and the assessor for an additional levy, and the written consent of such board specifically directing the particular purpose of the additional levy, jurisdictional prerequisites to the exercise of the right to levy the tax.

3. Same—*when written consents cannot be amended.* If none of the officials levying excess road and bridge tax knew of the existence of the act of 1901 requiring the written consent to particularly specify the purpose of the additional tax, and had, therefore, no intention of complying therewith, such consent cannot be amended, upon application for judgment of sale, so as to express the particular purposes which the officials had in view.

Appeal from the County Court of McHenry county; the Hon. O. H. Gilmore, Judge, presiding.

A. W. Pulver, and D. T. Smiley, (Lloyd W. Bowers, and S. A. Lynde, of counsel,) for appellant.

L. D. Lowell, State's Attorney, (John B. Lyon, of counsel,) for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The county court of McHenry county overruled objections of appellant to the road and bridge taxes levied in excess of sixty cents on each $100 of taxable property for the year 1901 in certain towns of said county, and en-

tered judgment against the real estate of appellant for the taxes so objected to.

Counsel for appellee say that as to the tax objected to in the town of Greenwood, the record, through mistake or misprision of the clerk, shows that the objection was overruled and judgment entered, when, as a matter of fact, the objection was sustained and judgment refused by the court, and they agree that judgment as to that tax must be reversed. In each of the other towns a levy in addition to sixty cents on each $100 of the taxable property of the town was made for road and bridge purposes by the commissioners of highways with the consent of the board of auditors and assessor. The ground of the objection was that the consents failed to definitely and specifically direct the particular purpose or purposes to which the additional tax levy should be solely applied, as required by the act authorizing such levy, and therefore the attempted levies were void.

Section 13 of the act in regard to roads and bridges in counties under township organization is as follows: "At the meeting immediately preceding the annual meeting of the county board, the commissioners shall determine what per cent of tax shall be levied on the property of the town for road and bridge purposes, and for the payment of any outstanding orders drawn by them on their treasurer, which levy shall not exceed sixty cents on each $100." (3 Starr & Cur. Stat.—ed. 1896,—p. 3552.) Section 14 of that act was amended by an act in force July 1, 1901, so as to read as follows: "If, in the opinion of the commissioners, a greater levy is needed, they may certify the same to the board of town auditors and the assessor, a majority of whom shall be a quorum, and with the consent of a majority of this entire board given in writing, definitely and specifically directing the particular purpose or purposes to which the same shall be solely applied, an additional levy may be made of any sum not exceeding forty cents on the $100 of taxable

property of the town. If the commissioners shall use any part of the funds so authorized by said written consent for any other purpose than that therein specified without the further written consent of said board, they shall be deemed to have illegally appropriated the same, and shall be liable accordingly." (Laws of 1901, p. 274.)

On the trial of the objections the certificates of the highway commissioners made to the boards of auditors and assessors in their respective towns, with the consents, in writing, of such boards and assessors attached thereto, were introduced in evidence, and in none of them did the consent definitely and specifically direct the particular purpose or purposes to which the additional levy should be solely applied. On the contrary, the respective boards of auditors and assessors thereby consented to the additional levies for road and bridge purposes to be added to the sixty cents which the commissioners of highways were authorized by law to levy. Prior to the amendment of 1901 said section 14 merely provided that if, in the opinion of the commissioners, a greater levy should be needed in view of some contingency, they might certify the same to the board of town auditors and assessor, a majority of whom should be a quorum, and that with the consent of a majority of that entire board, given in writing, the additional levy might be made. Before 1901 an additional levy might be made for road and bridge purposes and added to the levy of sixty cents, as was done in this case. It is manifest that the amendment of 1901 was made with the definite object of limiting the commissioners of highways to sixty cents on each $100 of the taxable property of the town, unless an additional levy should be allowed and consented to, in writing, by the board of auditors and assessor for a definite and specific purpose, and a separate and distinct fund should be raised to be applied solely to such purpose, and to be kept and accounted for in such a way that the commissioners would be liable if the additional

tax should be perverted to any other purpose. The making of a certificate by the commissioners to the board of auditors and assessor, and the written consent definitely and specifically directing the particular purpose of the additional levy, were made jurisdictional and conditions precedent to the exercise of the right to levy the tax. Unless there has been a strict compliance with the requirements of the statute any special road tax levied will be void. *Commissioners of Highways* v. *Newell*, 80 Ill. 587; *Mee* v. *Paddock*, 83 id. 494; *Chicago and Alton Railroad Co.* v. *People*, 190 id. 20.

On the trial the relator called the officials of the various towns concerned in levying and consenting to the taxes in question, and they testified with entire unanimity that they knew nothing about the act of 1901 or the requirements of the act as amended, but that if they had known of it they would have levied the tax just the same, and would have complied with the law and made the certificates in accordance with it, by stating the purpose to which the tax should be applied. It also appeared from their testimony that at the meetings held September 3, 1901, at which the certificates and consents were made, there was talk among the officers about the necessity of an additional levy and the purposes for which it would be required, such as that there were a great many bridges to keep up and roads needed to be repaired and graveled so as to be passable. In the case of one town, certificates of the commissioners stated that they required a further rate of forty cents in view of the contingency of erecting a new bridge across the Kishwaukee river in the place of an old one, "and other contingencies." At or shortly before the hearing of the objections, amendments were made by town clerks to the records of the meetings, showing, in substance, that the commissioners asked for additional levies for graveling the roads, or other reasons stated. Upon the strength of this evidence the court permitted the certificates of

the commissioners and the consents of the boards of auditors and the assessors to be amended so as to specify certain purposes to which the taxes should be applied. As none of the officials knew anything about the law authorizing them to make an additional levy or consent thereto, and had no intention of complying with it, the case did not come within the rule applied where officials have complied with the law in levying taxes but have failed to make their action effectual by reason of some technical and formal omission or mistake.

Where the power to levy a tax is conferred by law and is regularly exercised by the proper authorities in substantial conformity to the law, the court, upon proof of such fact, may permit the certificate of the levy to be amended on the hearing by changing the official designation of the officers, allowing the individual signatures to be substituted for the corporate name and correcting other like formal errors. (*Spring Valley Coal Co.* v. *People*, 157 Ill. 543; *Chicago and Alton Railroad Co.* v. *People*, 171 id. 544; *Chicago and Northwestern Railway Co.* v. *People*, 183 id. 247.) But if the statute authorizing the levy of the tax has not, in fact, been followed and complied with, the levy cannot be made valid by amendments of certificates or proceedings, because that would not be a correction of a mere irregularity, but would be an attempt to make valid a levy at the time of the amendment. (*People* v. *Smith*, 149 Ill. 549; *Chicago and Northwestern Railway Co.* v. *People*, 184 id. 240.) There must be a valid levy, which is defective in matters merely formal, to authorize an amendment. In this case the fact that none of the officials knew of the existence of the law or its requirements is conclusive evidence that they were not following it or attempting to follow it. All that they did or attempted to do was to increase the levies for road and bridge purposes above the rate of sixty cents, just as they might have done under the previous law. The mere fact that the commissioners of highways and boards of auditors

200—10

and assessors talked over the reasons for additional levies and the necessity of them, does not show or tend to show any attempt to comply with the act as amended, but such consultation and talk would have occurred under the former law, having no such provisions as the present one. . The evidence shows clearly that it was not thought of or intended by any one that a separate and distinct fund was to be created, to be applied to any specific purpose and accounted for separately and distinctly from the other taxes. The attempted levies of taxes objected to were void for want of compliance with the only statute which authorized them, and they could not be made valid by amending the certificates or consents upon the trial.

The judgment of the county court is reversed and the cause is remanded to that court for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*