Cleveland, Cincinnati, Chicago and St. Louis Ry. Co.

*v.*

The People *ex rel.* O. L. McCord, County Collector.

*Opinion filed December 16, 1903.*

1. Taxes—*what not sufficient designation of town tax at town meeting.* Designation of the purposes of a town tax on the record of the town meeting as "to defray the expenses of said town for the ensuing year" is not sufficiently definite and certain. (*Wright v. People*, 87 Ill. 582, distinguished.)

2. Same—*certificate of levy may be amended to correspond with town record.* Upon application for judgment of sale for taxes the certificate of levy for town tax may be amended to correspond with the record of the town meeting as such record appears when introduced in evidence.

3. Same—*town record must be in evidence to justify amendment of certificate of levy.* It is error to permit the certificate of levy of town taxes to be amended, upon application for sale, to correspond with the record of the town meeting, where such record is not introduced in evidence.

4. Same—*section 14 of act on roads and bridges construed.* Section 14 of the act entitled "Roads and Bridges," as amended in 1901, (Laws of 1901, p. 274,) requires that both the certificate of the commissioners and the written consent of the board of auditors and the assessor shall specifically direct the particular purposes to which the additional road and bridge tax shall be applied.

5. Same—*tax cannot be levied at a special election.* A tax which may be levied by vote of the electors at a regular or special town meeting cannot be authorized by the vote of the electors at a special election held for that purpose in the various precincts of the town.

6. Same—*when written consent to additional levy cannot be amended.* The written consent of the board of town auditors and the assessor to an additional tax levy by the highway commissioners cannot be amended upon application for sale so as to definitely specify the particular purposes of the additional levy, where only two of the three necessary signers testify as to what was intended to be contained in such consent.

7. Same—*what necessary to justify amending written consent to additional tax.* To justify amendment, upon application for sale, of the written consent of the auditors and the assessor to an additional tax levy, so as to show the particular purposes of the levy as required by section 14 of the act on roads and bridges, the evidence must show that the signers not only knew the provisions of the

statute and intended to comply therewith, but also that they in fact attempted such compliance.

8. SAME—*written consent need not specify exact sum to be used for each purpose.* Section 14 of the act on roads and bridges, as amended in 1901, requiring the written consent of the board of town auditors and the assessor to an additional tax levy to particularly specify the purposes of such levy, does not require that the exact sum to be used for each purpose therein mentioned shall be specified.

9. SAME—*additional tax must not exceed amount estimated by highway commissioners.* The board of town auditors and the assessor have no power, under section 14 of the act on roads and bridges, as amended in 1901, to authorize an additional tax levy for more than the amount estimated by the highway commissioners as needed.

APPEAL from the County Court of Vermilion county; the Hon. S. MURRAY CLARK, Judge, presiding.

REARICK & MEEKS, for appellant.

SWALLOW & SWALLOW, (J. W. KEESLAR, State's Attorney, W. T. GUNN, and R. W. FISKE, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Vermilion county, rendered at the June term, 1903, against the real property of appellant, for certain taxes of the year 1902 which were delinquent. The judgment was entered after a hearing upon the written objections of the appellant, which covered the taxes hereinafter enumerated, and is for the town taxes of the towns of Georgetown, Danville and Elwood, for a $9000 town tax levied in the town of Georgetown by virtue of a special election, for part of the road and bridge tax of the town of Georgetown, and for part of the road and bridge tax of the town of Danville.

Each of the certificates of the levy of the town tax, including the certificate of the levy of the $9000 tax for the town of Georgetown, recited that the tax was required "for town purposes." It is conceded that this statement of the purpose is too indefinite, and that where,

as in each case here, a levy is made by a town meeting, it must appear from the certificate that it was made for some purpose for which the town meeting has authority to direct the raising of money by taxation.

On the trial in the county court the record of the annual town meeting of the town of Georgetown for 1902 was introduced in evidence, and it appeared therefrom that the tax was levied "to defray the expenses of said town for the ensuing year." There was also introduced in evidence the record of a special election held in that town on May 27, 1902, from which it appeared that the voters at that election voted to raise by taxation the sum of $9000 for constructing two bridges, "one at the Jenkins ford over the Big Vermilion river, and one at the Big Rock ford over the Little Vermilion river." The record of the annual town meeting of the town of Danville for the year 1902 was also introduced in evidence, from which it appeared that the town tax was levied by that meeting "to defray expenses of the town for the ensuing year." As these records of the town meetings were respectively offered in evidence, the county court permitted the town clerks, in the presence of the court, to amend the certificates of levy so that each would correspond with the record of the town meeting in pursuance of which it was made, so far as specifying the purpose for which the tax was levied is concerned. We have frequently held such amendments proper. *Chicago and Northwestern Railway Co.* v. *People,* 183 Ill. 247; *Chicago and Alton Railroad Co.* v. *People,* 171 id. 544; *Indiana, Decatur and Western Railway Co.* v. *People,* 201 id. 351.

The certificate of the levy of the town tax for the town of Elwood was also amended, over the objection of appellant, so that it stated the purpose of the tax to be "to defray the running expenses of said town for the ensuing year." The record of the annual town meeting of this town was not introduced in evidence. This amendment was improperly allowed, as there was nothing

before the court by which it could be made. The specification of the purpose for which these general town taxes were levied, namely, to defray the expenses of the town for the current or fiscal year, is not sufficiently definite and certain.

Appellee relies upon the case of *Wright* v. *People*, 87 Ill. 582. A reference to that case shows that the tax there levied was for "various named purposes, 'and such other expenses as the town may have to defray for the year 1873, as well as previous indebtedness.'" In the case before us no specific purposes of any kind are mentioned, and while it is impossible to specify each item of anticipated expenditure, either in the record of the town meeting or in the certificate of levy, still, both the record and the certificate should specify the general purpose for which each portion of the tax is levied.

In reference to the $9000 voted at the special election in the town of Georgetown, appellant's position is, that the levy of this tax could only be authorized at the annual town meeting or at an adjourned meeting held in pursuance of an adjournment taken at the annual meeting.

The town meeting, either general or special, contemplated by the statute, is a meeting which may be attended by all the electors of the town, at which they may transact business pertaining to the affairs of the town, including the levy of taxes. (Hurd's Stat. 1901, chap. 139, secs. 40, 60.) A moderator presides over such a town meeting, acting as president or chairman, and the proceedings are conducted in the same manner as those of a parliamentary body. This tax was not voted at any such meeting, but, instead, the propriety of levying the tax was submitted at a special election held in the town of Georgetown, polls being open and ballots received in each of the four voting precincts in that town, as in any other election. No meeting at all was held which could have been attended by all the voters of that town. The statute does not provide for the levy

of taxes in pursuance of a vote of the electors of the town taken at a special election. This tax could have been imposed by the electors either at a general or special town meeting, but its levy could not be authorized at a special election. The objection to the $9000 tax should therefore have been sustained.

The highway commissioners of the town of Georgetown levied ninety-five cents on each one hundred dollars of the assessed valuation of the property in the town for road and bridge purposes. Section 14 of chapter 121 of Hurd's Statutes of 1901 provides, that if in the opinion of the commissioners a greater levy than sixty cents on each one hundred dollars is needed, "they may certify the same to the board of town auditors and the assessor, a majority of whom shall be a quorum, and with the consent of a majority of this entire board given in writing, definitely and specifically directing the particular purpose or purposes to which the same shall be solely applied, an additional levy may be made of any sum not exceeding forty cents on the one hundred dollars of taxable property of the town." For the purpose of obtaining such written consent the commissioners of highways certified to the town auditors and the assessor that a greater levy than sixty cents on each one hundred dollars was needed, which certificate concludes: "In view of the contingency that the sixty cents is not sufficient for the road and bridge fund, and we ask an additional levy" of thirty-five cents. No statement of the purpose for which the additional levy was desired was contained in the certificate. In response to this, a majority of the officers to whom the certificate was addressed signed a written document consenting that an additional levy, not exceeding thirty-five cents on the one hundred dollars, should be made. No attempt was made therein to direct the particular purpose or purposes to which such additional tax should be applied, but the document contained a statement that the consent was given "in view

of the contingency that the sixty cents is not sufficient
for the road and bridge fund."

In our judgment, section 14, *supra*, requires that both
the certificate of the commissioners and the written con-
sent of the auditors and assessor shall "definitely and
specifically" direct the particular purpose or purposes to
which the additional levy shall be solely applied.    This
additional levy of thirty-five cents on the one hundred
dollars is the portion of the road and bridge tax to which
appellant objects.

For the purpose of sustaining this additional levy,
appellee offered the testimony of two of the commis-
sioners of highways and of two members of the board of
town auditors of that town.    The highway commission-
ers testified that at a meeting on September 2, 1902, they
discussed the purposes for which additional money was
needed, and that the town clerk made up a list of the
items and the amount needed for each; that the commis-
sioners named the items and the amounts, and the town
clerk wrote them down on a piece of paper, which paper
was offered in evidence and contained the following:
"Bridges located as follows:

    Bridge at Zion Church cost.................. .$125.00
    Bridge at Elwood Church cost................. 135.00
    Bridge at Joe Massing's place cost............. 130.00
    Bridge at Andy Devore's house cost ....... ... 122.00
    Bridge at Abe Brown's place cost.......... ... 108.00
    Bridge at Lick Skillet or New Village cost .... 200.00
    Bridge near L. A. Clingan's house............. 125.00
    Bridge by Fred Sheet's place.................. 140.00
    Bridge south of Win Stephens' house.......... 200.00
    To take up outstanding orders................ . 600.00
    To finish grade at Jenkins' ford cost........... 100.00
    To finish grade at Big Rock bridge............. 100.00
    Bridge at Grape Creek....................... 110.00"

that the commissioners knew of the provisions of sec-
tion 14 above cited and were intending to comply with
that law in making the certificate, and that they thought

the certificate described with sufficient particularity the purpose for which the money was needed. The two members of the board of auditors· testified that the written consent was given at a meeting held by the proper officers on September 2, 1902, and that they were familiar with the provisions of section 14 above cited, and that in receiving and acting upon the certificate of the commissioners of highways and in giving their consent in writing they were intending to comply with the provisions of that section; that the commissioners and the board of auditors and the assessor held their meeting at the same time and place. The two members of the board who testified stated further, in substance, that they heard the commissioners' discussion of the purposes for which the money was to be used, and that they intended the additional tax to be used for the purposes so discussed, and thought it was sufficient to specify in the written consent that it was "for the road and bridge fund." Both testified that they intended to sign the consent in the exact form that it was in when they did sign it, and that they did not understand that all the items for which the money was needed had to be included in the written consent, and one of them testified that they did not intend to set forth the different specific items for which the money was to be used. Thereupon, on motion of appellee, the commissioners were permitted to amend their certificate so that it showed that the additional levy was desired for the specific purposes designated in the list hereinabove set forth, and the board of town auditors and the assessor were permitted to amend their written consent, by stating therein, particularly specifying each item, that the additional levy was for the purposes shown by such list, and the amendments so permitted were made by the proper officer in the presence of the court.

For the purpose of showing the propriety of permitting these amendments, appellee refers us to *Chicago and*

*Northwestern Railway Co.* v. *People,* 184 Ill. 240, and *Chicago and Northwestern Railway Co.* v. *People,* 174 id. 80.   In these cases it is held that where the town clerk, in writing up the minutes of a town meeting, has omitted something which actually occurred, the court, in a proceeding of this kind, may permit him to make an amendment which will make the record correspond with the facts.   It is possible that under this holding it was proper to permit the commissioners to amend their certificate, because the list written on the paper was made by them at the same time and might be construed to be a part of the certificate, if that certificate alone were sufficient to establish the legality of this tax.   But it does not appear that the paper on which this list was written was presented to the auditors and the assessor, so that it cannot be held that a proper certificate ever was presented to the latter officers.   If, in fact, they had actually received that paper and had testified that they intended to make it a part of their written consent, we think the two cases last cited would be in point; but, in fact, they testified that they intended to make the written consent precisely as they did make it, and one of them testified affirmatively that they did not intend to include therein the list of items mentioned.   To permit the amendment of that written consent as it was amended was to permit it to show that something had been done which in fact was not done, while in the two cases last referred to the amendment was permitted for the purpose of showing that something was done which in fact had been done.   The correction of the record of the town meeting consisted in writing therein that which actually occurred and which the persons composing the meeting intended should be written therein.   Writing this list into the written consent under discussion was writing therein that which the persons who signed the consent did not intend to write therein at the time the consent was signed.   True, they say they thought the paper they executed would author-

ize the expenditure of the money for the purposes indicated by that list; but this is a mistake in regard to the legal effect of the instrument and not a mistake in reference to what it did contain, and is a mistake which can not be obviated by amendment in this proceeding. The testimony of these officers, to the effect that they knew the requirements of section 14 and intended to comply therewith, was evidently offered for the purpose of avoiding the decision of this court in *Chicago and Northwestern Railway Co.* v. *People,* 200 Ill. 141, where it was said, referring to the amendment made to section 14 in 1901: "In this case the fact that none of the officials knew of the existence of the law or its requirements is conclusive evidence that they were not following it or attempting to follow it."

The evidence offered in the case at bar, however, does not go far enough. It fails to show any attempt to "definitely and specifically" direct the particular purposes to which the additional levy should be applied. Where it becomes necessary to show that the taxing officers knew the law and intended a compliance therewith, it is not sufficient, when their municipalities are threatened with a loss of taxes on account of the officers' negligence, for them to testify that they knew the provisions of the statute and intended to comply therewith. The testimony must show what they did or attempted to do, so that the court can see that they did intend to do those acts which the law requires. If the auditors and assessor intended to comply with the law, they intended to write the list of improvements in the consent which they gave. The evidence not only fails to show any such purpose, but, on the contrary, shows that they did not intend to definitely specify such improvements in the written instrument.

It was improper to permit the amendment of the written consent on the testimony of the two auditors for another reason. The officers to whom the certificate of the commissioners is addressed are five in number. The writ-

ten permission must be signed by at least three of the five. Conceding appellee's position to be correct, still, to warrant the amendment it should have been shown that at least three of these officers were familiar with section 14, intended to comply therewith, and believed that the consent given authorized the levy of the additional tax for the specific purposes shown by the written list. Waiving the objections above suggested to the evidence, it at most showed this to have been the mental attitude of two of these officers, only, at the time the consent was given, and did not warrant the conclusion that any other one of these five officers had, at the time of the transaction, the same familiarity, intention and belief.

The levy of the additional thirty-five cents on the one hundred dollars of road and bridge tax for the town of Georgetown was therefore illegal.

In the town of Danville the commissioners of highways levied for road and bridge purposes a tax of ninety cents on the one hundred dollars. The objection of appellant is to a portion of thirty cents thereof, that thirty cents being additional to the sixty cents which the commissioners were authorized to levy by section 13 of chapter 121 of Hurd's Statutes of 1901. The commissioners of highways of this town made a written certificate to the board of auditors and assessor for leave to make a levy in addition to the sixty-cent rate, and in that certificate specified the purpose for which it was to be used, and estimated the amount needed in excess of the sixty cent rate at $8000. The written consent of the auditors and assessor specified the purposes for which the additional levy should be used, being in substance the same as stated in the commissioners' certificate, as follows:

"*First*—For the building of a wagon bridge across the north fork of the Vermilion river at a point near Ellsworth Park dam, $3000.

"*Second*—For the building of roads and approaches to said dam, $1000.

"*Third*—The remainder of said levy, above the amount required for the purposes above stated, shall be applied to the following improvements, viz.: The building of a stone culvert on the Hungry Hollow road, and two culverts on East Fairchild street, and the graveling of the Covington road from the city limits to the State line, and for the repairing of the bridge over the Vermilion river on the road leading from Danville to Grape Creek."

This consent did not specify in dollars the amount of the additional levy, but provided that the commissioners might make an additional levy of thirty cents on the one hundred dollars, and this thirty cents on the one hundred dollars would produce an additional tax of $10,806.51.

Appellant contends, first, that the written consent is not sufficiently definite as to the purposes specified in the third paragraph thereof, above quoted, in that it does not designate the precise amount that was to be used for each purpose, and objects to all of the additional tax above the sum of $4000, which was required for the purposes pointed out in the first and second paragraphs of the written consent above set out. This is too strict a construction of the language of section 14. That section requires that the purpose or purposes to which the additional levy shall be solely applied shall be "definitely and specifically" directed by the written consent, but it does not require that the exact sum to be used for each purpose therein mentioned shall be specified. The third paragraph of the written instrument was in substantial compliance with this statute.

It is then objected that the additional levy, so far as it was in excess of $8000,—the amount estimated by the commissioners as needful,—is illegal. The language of section 14 is, that "if in the opinion of the commissioners a greater levy is needed, they may certify the same to the board," etc.,—that is, they may certify the greater levy,—and, with the written consent of the officers to whom certified, "an additional levy" may be made, etc.

Considering these two clauses of this section together, we think it apparent that the legislature did not intend to give to the auditors and the assessor power to author-ize a greater additional levy than the commissioners had certified was necessary.  It is upon the judgment of the latter officers, approved by the auditors and the assessor, that the additional levy is made, and those who are given authority to grant the written consent have no power to make such consent a basis for a legal tax in excess of the amount which, in the opinion of the commissioners, is needed.

Appellee seeks to justify the whole of this additional tax by the statement that the law requires that the por-tion thereof that is raised on property situated within the limits of any incorporated city or village has to be divided with the authorities of such city or village, and that as this additional tax must be so divided if there be a city or village within Danville township, there is no basis by which this court can determine whether the highway commissioners will realize more than the $8000 from the additional levy.  If this be a correct statement of the law as to this additional levy since the amend-ment made to section 14 in 1901,—as to which we express no opinion,—still it would be the business of the com-missioners to take that fact into consideration and make their certificate accordingly.

We therefore conclude that $2806.51 of the additional levy of the road and bridge tax for the town of Danville was illegal.

The judgment of the county court of Vermilion county is therefore reversed and the cause remanded, with di-rections to that court to enter a judgment against the property of the objector for that portion of $8000 of the additional road and bridge tax of the town of Danville which the property of objector bears, and sustaining the objections filed in that court by objector to the town tax of the town of Elwood; to the town tax of the town of

205—38

Danville; to the town tax of the town of Georgetown, including the $9000 levied in pursuance of the result of the special election held in that town; to the additional road and bridge tax, being thirty-five cents on the one hundred dollars, of the town of Georgetown; and to so much of $2806.51 of the additional road and bridge tax of the town of Danville as the property of objector bears.

*Reversed and remanded, with directions.*