### Chicago and Eastern Illinois Railroad Company
*v.*
### The People *ex rel.* O. L. McCord, County Collector.

*Opinion filed December 16, 1903.*

1. Roads and bridges—*what essential to validity of additional road and bridge tax.* Under section 14 of the act on roads and bridges, as amended in 1901, (Laws of 1901, p. 274,) it is essential to the validity of an additional road and bridge tax that the written consent of the town auditors and the assessor shall "definitely and specifically direct" the purposes to which such tax shall be applied.

2. Same—*bridge tax cannot be authorized by special election.* The tax for building or repairing bridges in case of emergency, authorized by section 10 of article 6 of the Township Organization act to be levied by the vote of the electors at a special town meeting, can not be authorized by the vote of the electors at a special election upon such question held in the various precincts of the town.

3. Township organization—*essentials of a special town meeting.* A special town meeting is an assemblage of the electors of the town, presided over by a moderator, at the same place appointed for the holding of the annual town meeting, and each town, for the purpose of the meeting, constitutes an election precinct.

Appeal from the County Court of Vermilion county; the Hon. S. Murray Clark, Judge, presiding.

H. M. Steely, (W. H. Lyford, of counsel,) for appellant.

Swallow & Swallow, (John W. Keeslar, State's Attorney, of counsel,) for appellee.

Per Curiam: The application of the appellee county collector and *ex officio* county treasurer for judgment against real estate in the county of Vermilion delinquent for taxes for the year 1902 asked for judgment in the sum

of $1724.03 against the property of the appellant railroad company. The company filed objections to each of the items comprising said sum of $1724.03. Some of these objections were sustained and others overruled. The appellant company conceded liability for all the items of tax to which the objections were overruled, and paid the same, except as to two items, viz., the sum of $172.69 levied as an additional road and bridge tax in the town of Georgetown, in said county, and the sum of $690.77 also levied in the town of Georgetown (as the application of the appellee collector recited) as town tax. On the hearing the objections as to these two items were overruled, and judgment was entered against the property of the appellant company accordingly. The company perfected this appeal, and deposited with the county collector, in cash, the amount of the two items of taxes.

The road and bridge tax was a levy of thirty-five cents on each $100 of taxable property in addition to the levy of sixty cents on each $100 of such taxable property authorized to be made by section 13 of the Road and Bridge act. The certificate of consent of the board of auditors and the assessor of the town of Georgetown to the imposition of the additional tax of thirty-five cents on each $100 of the taxable property of the town did not definitely and specifically direct the particular purposes to which the fund raised by the additional levy should be applied. Such definite and specific directions were essential to the validity of the tax. 4 Starr & Cur. Stat. 1902, chap. 121, sec. 14, par. 6, p. 1130; *Chicago and Northwestern Railway Co.* v. *People*, 200 Ill. 141.

The appellee collector entered his motion for leave to amend the certificate, and in support of the motion, over the objections of the appellant company, the evidence of a number of witnesses was heard. This cause, and that of *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People ex rel.* 205 Ill. 582, so far as this point is concerned, were heard and submitted upon the

same testimony. We there held the evidence to be insufficient to authorize the amendment of the certificate. It is unnecessary to here repeat what was there said in support of the ruling. It was error to permit the certificate to be amended. As to these items the judgment must be reversed.

Legal authority for the imposition of the other item is also wanting. The application of the appellee collector indicates this item was levied to raise a fund for general town purposes. It is conceded that the validity thereof as a tax for town purposes cannot be maintained. The position of counsel for the collector, however, is, that the tax was levied to raise a fund to be expended in the building and repairing of bridges.

Section 60 of the Township Organization act, (3 Starr & Cur. Stat. 1896, p. 3931,) provides: "The electors at special town meetings when convened, shall have power: * * * Second, to provide for raising money for repairing highways, or building or repairing bridges, in cases of emergency and to direct the building and repairing thereof." Counsel for appellee insist that the levy was legally authorized by the action of the electors of the town of Georgetown at a special town meeting duly and lawfully called and held for that purpose. As in support of this insistence, the appellee collector introduced in evidence a petition addressed to Emerson Hill, the supervisor of the town of Georgetown, which bore the signatures of two of the highway commissioners of the town, one of the justices of the peace, the town clerk and sixty-four other persons, in which it was represented "that the said commissioners desire to expend on the bridges, one at Jenkins' ford, on Big Vermilion river, and one at Big Rock ford, on Little Vermilion river, in said town, a greater sum of money than is available to them by other means and that it will be necessary to raise by taxation to build the two bridges, wherefore the undersigned hereby petition you to call a special

town election to vote on the proposition to raise by taxation $9000 to construct the bridges, and other work, as above set forth." Counsel in the same behalf produced in evidence an order, signed by the supervisor, directing that the town clerk should post up ten notices that a special election would be held on May 27, 1902, "to vote on the proposition to raise money by taxation to build two bridges, one at Jenkins' ford across the Big Vermilion river, and one at Big Rock ford across the Little Vermilion river," and also a notice of such special election given by the town clerk, and a certificate of the publication of a like notice for a special election in a weekly newspaper. There also appeared in evidence the certificate of the holding of the special election in the four different voting precincts in the town, and showing that in all the precincts a total of 203 votes were cast against the proposition to raise the sum of $9000 by taxation to construct the bridge at Jenkins' ford and the bridge at Big Rock ford, etc., and that 283 votes were cast in all of said precincts in favor of said proposition. A majority of the votes cast at all of the voting precincts in the town at this special election was in favor of the proposition to raise the said sum of $9000 to build said two bridges, and in virtue of that election the special levy under consideration was made and extended against the taxable property of the town, including that of the appellant company.

The election was clearly not a town meeting. It was a special election at the four different voting precincts in the town, as other special elections. The annual town meeting is an assemblage of the electors of the town on the first Tuesday of April in each year, at the place in the town appointed for the holding of the town meeting. A special town meeting is a like assemblage called together in special meeting in the manner provided by the statute, at the same place appointed for the holding of the annual town meeting. All town meetings are pre-

sided over by a moderator, and each town, for all the purposes of town meetings, constitutes an election precinct.   (Township Organization act, art. 6, sec. 3.)  Elections of town officers, for changing the place of holding the town meetings, and for certain other purposes, may be held at the annual town meeting, the electors of the entire town voting at that meeting, and not at the different polling places established for the reception of ballots of voters at a general election.   Under the provisions of section 10 of the Township Organization act (3 Starr & Cur. Stat. 1896, par. 60, chap. 139, p. 3931,) a special town meeting might have been called and lawfully convened in the town of Georgetown for the purpose of raising money for building bridges or repairing the same in case of emergency, and the action of the special town meeting, if called, conducted and convened in pursuance of the provisions of the statute, might have authorized the levy of taxes for such purposes.   The statute authorizes this action to be taken by the electors when assembled as a town meeting, but we know of no statutory authority for authorizing the levy of such taxes by a vote taken at the different voting precincts of a town at a special election.   The town meeting is designed to bring all of the electors of the town together in one assemblage, to discuss and consider any subject upon which the town may lawfully act.   The powers of the electors when assembled in the regular annual town meeting are prescribed in section 3 of article 4 of the Township Organization act, and when convened at a special town meeting are prescribed by the provisions of section 10 of article 6 of the same act.   The power possessed by these meetings cannot be exercised by the electors by casting ballots at an election called and held in the different voting precincts in the town.   The attempt to exercise the powers vested in the town meeting by a special election held in the different voting precincts of the town was illegal, and the tax levied by virtue of

such election is void, and in the eye of the law void taxes are unjust and uncollectible. As to said item of $690.77, designated as town taxes in the application of the appellee collector, the judgment will be reversed.

The judgment as to each item of taxes will be reversed and the cause will be remanded, with directions to the trial court to sustain the objections to these taxes.

*Reversed and remanded, with directions.*