## D. C. Frantz v. B. W. Patterson, et al.

1. TOWN MEETINGS—*where to be held.* A town meeting, either annual or special, should be held at the place appointed in the notice for the holding thereof and should not be held at several different places in the town upon the same day.

2. TOWN MEETING—*how to be conducted where purpose of, is authorization to borrow money.* Where the purpose of convening a special town meeting is to obtain authority to borrow money, it is essential that the proposition submitted to such meeting should be voted for and determined under the general election laws of the State.

3. BILL OF COMPLAINT—*how construed.* A bill of complaint is to be construed most strongly against the pleader, and where the bill does not contain any allegation with respect to a material fact, such material fact will be presumed to be such as will sustain the action of the court in sustaining a demurrer to the bill.

Injunctional proceeding. Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed June 7, 1905. Rehearing denied November 28, 1905.

EDEN & MARTIN AND E. J. MILLER, for appellant.

SENTEL & WHITFIELD and PEADRO & MARTIN, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellant, D. C. Frantz and one E. W. Lannum, on behalf of themselves and certain other residents and taxpayers of the town of Sullivan, filed their bill in equity against appellees, the supervisor, town clerk and commissioners of highways of said town, alleging that the said commissioners of highways, being desirous of expending for the construction of certain bridges more money than was available to them from other means, together with twenty-five freeholders of said town, petitioned the supervisor to call a special town meeting to vote on the proposition to borrow $6,000 to construct the same; that the town clerk in pursuance to the direction of the said supervisor, acting upon said petition, caused to be posted up in ten of the most public places in said town, a notice as follows:

"NOTICE OF SPECIAL TOWN MEETING.

Notice is hereby given that the commissioners of highways of Sullivan township and twenty-five freeholders of said township have presented to B. W. Patterson, Supervisor of Sullivan township, their petition in writing asking that a special town meeting be called to vote upon the proposition to borrow six thousand dollars ($6,000.00) to build three bridges in Sullivan township; one of said bridges to be built at the place where the old coal shaft bridge is now located; one bridge to be built where the Hatfield bridge was formerly located, and one of said bridges to be built at or near where the Howe bridge was formerly located; and said supervisor having by an instrument in writing, signed by him, directed that said special town meeting be called.

Notice is hereby given to the citizens and legal voters of the town of Sullivan, in the county of Moultrie and State of Illinois, that a special town meeting will be held Tuesday, June 28, 1904, at the hour of 2 o'clock P. M. at the Circuit Court room in the court-house in the City of Sullivan, aforesaid, for the purposes :

First.   To choose a moderator.

Second.   To vote upon the proposition of borrowing $6,000 for the purpose of building the three bridges at the places hereinbefore mentioned; said voting upon said proposition to be by ballot.

Given under my hand at Sullivan this 6th day of June, A. D. 1904.

                                WM. H. BOYCE,
                                    Town Clerk."

The bill further alleges that on the 28th day of June, 1904, at 2 o'clock P. M., a so-called special town meeting was held at the place designated in said notice; that George A. Fields was elected moderator and that as such moderator he appointed three persons judges of the election and three persons clerks of the election; that thereupon, at the time and place designated, a pretended election by ballot was held; that such election continued about forty-five minutes, and was then closed, and it was announced that the proposition to borrow $6,000 received 162 votes, and against borrowing received 141, and blank received one vote.

It is further alleged, that at the last preceding annual town meeting in said town, there were cast 937 votes; that owing to the inconvenient place in which the election was held and the short time such election was continued, a majority of the voters of said town did not have sufficient opportunity to vote on said proposition; that at a general election, held prior to the pretended election in question, the town of Sullivan cast more than twice 450 votes, and thereafter, and prior to said pretended election, the county board of Moultrie county divided said town of Sullivan into three election precincts and appointed three persons in each of said precincts to serve as judges of election. The bill prays that appellees be enjoined from issuing any bonds, upon the authority of the pretended election. Appellees interposed a general and special demurrer to the bill, which was sustained by the court, and a decree entered dismissing the same for want of equity.

The bill is inartificially drawn, contains numerous immaterial allegations, and omits matter that might properly have been set forth, but we are of opinion it alleges sufficient facts to present for determination the vital question, whether the provisions of section 20, chapter 121 of the statutes of this State, entitled Roads and Bridges, were complied with in holding the special town meeting called to vote on the proposition involved. The section of the statute referred to, is as follows:

"§ 20. When the commissioners desire to expend on any bridge or other distinct and expensive work on the road, a greater sum of money than is available to them by other means, the said commissioners may petition the supervisor of the town to call a special town meeting to vote on the proposition, which shall be clearly stated in the petition substantially as follows: 'To borrow $......to construct or repair, (describe the bridge or other work),' which said petition shall be signed by said commissioners in their official capacity and by at least twenty-five freeholders of such town; and thereupon such petition shall be filed in the office of the town clerk of such town. Upon the filing of said petition, the supervisor shall order the town clerk, by an instrument in writing to be signed by

him, to post up in ten of the most public places in said town, notices of such special town meeting; which notice shall state the object, time and place of meeting, the maximum sum to be borrowed, and the manner in which the voting is to be had, which shall invariably be by ballot, and shall be 'For borrowing money to (here define the purpose),' or 'Against borrowing money (here define the purpose).' The special town meeting shall be held at the place of the last annual town meeting, by giving at least ten days' notice, and returns thereof made in the same manner as other special town meetings are now, or may hereafter be provided by law; and if it shall appear that a majority of the legal voters voting at said election shall be in favor of said proposition, the supervisor and town clerk, acting under the direction of the commissioners of said town, shall issue from time to time, as the work progresses, a sufficient amount in the aggregate of the bonds of said town for the purpose of building such bridge, or other distinct and expensive work; said bonds to be of such denominations, bear such rate of interest, not exceeding six per cent. upon such time, and be disposed of as the necessities and conveniences of said town officers require; *Provided*, that said bonds shall not be sold or disposed of for less than their par value, and such town shall provide for the payment of such bonds and the interest thereon by appropriate taxation."

It is insisted by appellant, that the county board having required two additional ballot boxes and places for the reception of votes in the town of Sullivan, and divided said town into three election precincts, as provided in par. 67, chap. 139, Hurd's Stat. 1903, the election in question should have been held at all of such polling places, and not alone at the one place designated in the notice. The election in question was necessarily held at a special town meeting and the statute (par. 53, chap. 139) expressly provides, that "each town shall, for the purposes of town meetings, constitute an election precinct." A town meeting, either annual or special, is an assemblage of the electors of the town at the place appointed for the holding of such town meeting and may not be held at several different places in the town upon the same day. C., C., C. & St. L. Ry. Co. v. The People, 205 Ill. 582; C. & E. I. R. R. Co. v. The People, 206 Ill. 296.

Section 20, chapter 121, of the statute above quoted, requires that the special town meeting called to vote upon the proposition to borrow money, shall be held at the place of the last annual meeting. The bill in this case does not allege that the circuit court room in the court-house in the city of Sullivan was not the place at which the last preceding annual town meeting was held, and it therefore stands admitted that the place designated in the notice was the proper place to hold the special town meeting in question.

The most serious and troublesome question presented for our consideration and determination arises from the contention of appellant that the election here involved should have been held under the general election laws of the state; that the special town meeting to vote upon the proposition submitted to the electors should have been called to convene generally upon Tuesday, June 28, 1904, and not at the hour of two o'clock in the afternoon of that day; that the polls at such meeting should have been opened at eight o'clock in the forenoon and continued open during the day as required by law; that a moderator should have been chosen by the electors present between the hours of eight and nine o'clock in the forenoon of that day, to preside at such meeting; that the supervisor, assessor and collector of the town of Sullivan, were *ex officio* the only lawful judges of the election; that the moderator of said meeting was without authority to appoint judges of the election, and the persons appointed by him as judges were without authority to act as such.

The mode prescribed for the general conduct of annual and special town meetings, and the powers of electors at such meetings, are set forth and defined in paragraphs 40 to 83 inclusive, chapter 139, Hurd's Stat. 1903, and where no different mode is prescribed for the conduct of such meetings, we must be governed by the provisions of those paragraphs in determining the proper procedure in a case like that at bar, where the electors are given authority to determine certain questions at special town meetings. Sec-

tion 20, chapter 121 of the statute, by virtue of which the spe-
cial town meeting here involved is purported to have been
called and held, requires that the proposition to borrow
money to construct or repair a bridge or do other distinct
and expensive work on the road, shall be determined by the
electors by ballot, and the voting by the electors upon such
propositions is therein termed an election. Paragraph 62
of chapter 139 provides: "The electors present at any
time between the hours of eight and nine o'clock in the
forenoon of the day on which there is an annual or special
town meeting, shall be called to order by the town clerk,
if there be one," etc. The legislature evidently contem-
plated that some of the electors of a town in which a spe-
cial town meeting was to be held would necessarily be
present at the place designated between the hours of eight
and nine o'clock in the forenoon of the day fixed for such
meeting. Paragraph 68 of chapter 139 provides: "The
general laws of the state in regard to elections and qualifi-
cations of voters shall apply to all elections to be held un-
der this act, so far as the same may be applicable, except
as herein otherwise provided: *Provided*, that no registra-
tion of voters shall be required." Paragraph 56 provides:
" The supervisor, assessor and collector of the town shall
be *ex officio* judges of áll elections in their town, except as
otherwise provided by law."

The legislature having required that the electors of a
town must vote by ballot upon the question of borrowing
money, and having designated the exercise by such electors
of the ballot upon that question, as an election, we are of
opinion that a special town meeting called to determine the
proposition so submitted to the electors, by virtue of sec-
tion 20 of chapter 121, was intended by the legislature to
be surrounded with all the safeguards of an election con-
ducted under the general election laws of the state. If the
supervisor of a town may call a special town meeting, at
which the electors are required to vote by ballot, at 2 o'clock
in the afternoon of a day named, he may call such meeting
to be held at any other hour of the day without regard to

Frantz v. Patterson.

the convenience of the electors of the town, and if the moderator chosen to preside at such meeting may select the judges and clerks of the election and declare the polls closed in forty-five minutes after such meeting convenes, the entire machinery of the election would be within his control and the rights of the electors of the town subject to his whim and dictation.

The decree is reversed and the cause remanded with directions to the Circuit Court to overrule the demurrer.

*Reversed and remanded with directions.*