## Town of Manteno, Appellant, v. Albert Surprenant, Appellee.

## Gen. No. 6,412.

1. APPEAL AND ERROR, § 1268*—*when presumed that facts warranted sustaining of demurrer to bill.* Where a bill does not contain any allegation with respect to material facts, they will be presumed to be such as will sustain the action of the court in sustaining a demurrer to the bill.

2. ROADS AND BRIDGES, § 203*—*what are requisites of notice in proceedings to collect penalty for obstruction of highway.* In a proceeding by a town under the Roads and Bridges Act, sec. 71 (J. & A. ¶ 9700), to collect a penalty for the obstruction of a highway by a fence, the plaintiff must state in its notice what places defendant is charged with obstructing so that he may ascertain what his rights are.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Town of Manteno v. Surprenant, 210 Ill. App. 438.

3. ROADS AND BRIDGES, § 179*—*what constitutes obstruction of highway.* The building of a fence longitudinally in a road constitutes an obstruction warranting the collection of the penalty provided by, and its removal under, the Roads and Bridges Act, sec. 71 (J. & A. ¶ 9700).

4. ROADS AND BRIDGES, § 193*—*when injunction lies to compel removal of obstruction in highway.* An injunction to compel the removal of an obstruction in a public highway may be maintained by a town, on a proper bill in equity showing danger of great and irreparable injury.

5. NUISANCE, § 25*—*when equity will not intervene to prevent or remove public.* While a court of equity may prevent or remove a public nuisance and interpose its extraordinary powers, it will not do so if the remedy at law is adequate.

6. ROADS AND BRIDGES, § 184*—*when encroachment on highway constitutes public nuisance.* It is a public nuisance to obstruct or encroach with a fence on a public highway.

7. PLEADING, § 432*—*what is office of videlicet.* The object of a *videlicet* is to dispense with strict proof.

8. PLEADING, § 432*—*what is effect of videlicet as to proof of distance obstruction extends into highway.* Where the allegations, under a *videlicet*, as to the number of feet a fence encroaches on a road are denied by answer, the complainant, in a suit by a town to compel the removal of the fence as an obstruction to the road, can only be required to prove that the fence is some appreciable distance over the road line.

9. ROADS AND BRIDGES, § 179*—*what constitutes obstruction to highway.* The construction of a fence longitudinally in a highway constitutes an obstruction to the highway under the Roads and Bridges Act, sec. 71 (J. & A. ¶ 9700), whether any damage results or not.

10. ROADS AND BRIDGES, § 193*—*when injunction does not lie to compel removal of fence as obstruction in highway.* A bill by a town for a mandatory injunction to compel the removal, under the Roads and Bridges Act, sec. 71 (J. & A. ¶ 9700), of a fence built longitudinally in the highway is not maintainable, especially where the boundaries of the highway are not in dispute, since the remedy at law is adequate.

11. EQUITY, § 9*—*collection of penalty.* Equity cannot be resorted to for the sole purpose of collecting a penalty.

Appeal from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 9, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

J. BERT. MILLER, for appellant.

SAVARY & RUEL and GRANGER, DOUGHERTY & NOURIE, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

October 4, 1915, appellant, Town of Manteno, filed in the Circuit Court of Kankakee county its amended bill of complaint charging that about 50 years ago a public road was laid out east and west along and on either side of the north line of sections 35 and 36, and another public road north and south along and on either side of the section line between said sections, all in said township; that each of said roads has been used by the traveling public during all the time since it has been laid out; that Albert Surprenant, appellee, is now, and has been for several years last past, the owner and in occupancy of the lands on each section south of and abutting said east and west highway, and on section 35 west of and abutting said north and south highway; that more than 30 years ago the then owner of said abutting lands now owned by appellee set out a hedge fence on each of said road lines, and all the time thereafter to 1913 the traveling public used each of said public highways from the line where the said hedge fence was so constructed to the opposite line of said public highway; that on or about the 15th day of May, A. D. 1913, appellee pulled out the hedge fence and constructed for about 50 rods a fence composed of iron posts and wire in said public road a distance from the south line of said highway on section 36 of "to wit: from 4 to 8½ feet"; and on or about December 10, 1913, he pulled out the hedge fence on the north and east lines of lands abutting said east and west and north and south roads on section 35 and erected a similar fence a distance of "to wit: from 4 to 7 feet" within the

road and from the road line; that on the 18th day of
June, 1914, the commissioners of highways of said
town notified appellee to remove each of said three
fences, and he refused and still refuses and fails to
do so; that on the 24th day of September, 1914, said
commissioners made a complaint in the name of the
Town of Manteno before a justice of the peace against
appellee, charging said encroachments substantially as
above stated except there was no averment as to the
distance of the fences in the road; that summons was
issued and appellee appeared, and on September 30,
1914, the case was tried and the justice of the peace
found that appellee did by said fences encroach on
each of said three roads, and adjudged that said Town
of Manteno have and recover of said defendant $15
fines and penalties, being the sum of $5 for each of said
three offenses, together with the costs of said suit;
that appellee did not appeal from said judgment and
it is in full force and effect, and that appellee testi-
fied in his own behalf in said trial before said justice
that he knew when he built the fences that he was
building them out in the public highway.

There is no allegation in the bill as to the width of
the roads, the lay of the land, or whether they are
highways much or little traveled; no averment of any
fact or conclusion indicating that the encroachment
complained of interferes with public travel, or with
any other beneficial use that either the public author-
ities or the general public might make of the strip of
land in question. Taking the allegations of the bill
most strongly against the pleader, it presents a case
of an encroachment on a public road in violation of
section 71 of our Roads and Bridges Act (J. & A.
¶ 9700) that in no way interferes with the beneficial
use of the road. Where a bill does not contain any
allegation with respect to material facts, they will be
presumed to be such as will sustain the action of a
court in sustaining a demurrer to the bill. (*Frantz v.
Patterson*, 123 Ill. App. 13.)

The prayer of the bill is for a mandatory injunction compelling the removal of said fences, and that appellant have and recover from appellee the sum of $3 per day for each day that he has suffered said three obstructions to remain upon said public road after he had been ordered to remove the same by said commissioners.

Appellee filed a general demurrer, which the court sustained, and appellant, standing by its bill, judgment was entered "that the complainant have and recover nothing by its said bill of complaint, and that the defendant go hence without day"; which judgment is irregular in form, but no point is made on that in appellant's brief, and we treat it as equivalent to a judgment dismissing the bill for want of equity.

This appeal was prayed and allowed to the Supreme Court, where the case was transferred to this court under section 102 of our Practice Act (J. & A. ¶ 8639).

The statute violated—section 71 and following sections of the Roads and Bridges Act (J. & A. ¶ 9700 et seq.)—prohibits injury or obstructions of a public road in various ways, among them leaving the cuttings of any hedge thereon for more than 10 days, depositing weeds, trash or garbage in the road, and injuring any sidewalk, public bridge, culvert or causeway, providing penalties for violation. Section 74 (J. & A. ¶ 9704) provides for the collection by suit of such penalties. The provision of section 71, especially applicable to the facts here, is that if any person shall obstruct a public road by encroaching upon the same with any fence he shall forfeit a sum not less than $3 nor more than $10, and an additional sum of not exceeding $3 per day for every day he shall suffer such obstruction to remain after he has been ordered to remove the same by any of the commissioners, complaint to be made by any person feeling himself aggrieved; and provides further that the commissioners, after having given reasonable notice to the owners or persons

so obstructing such road of the obstruction, may re-
move any such fence and recover the necessary cost
of such removal from such owner or other person
obstructing such road, to be collected by said com-
missioners before any justice of the peace having
jurisdiction.

If appellant had proceeded under that statute to
enforce the penalty here asked, it would have been
required in its notice to appellee to state what places
he was charged with obstructing so that he might as-
certain what his rights were. (*Seidschlag v. Town of
Antioch,* 207 Ill. 280; *Farlow v. Town of Camp Point,*
186 Ill. 256.) *Ferris v. Ward,* 9 Ill. (4 Gilm.) 499,
is cited by the court in the latter case in support of
that rule. In that case it appears (page 505) that the
width of the road was not specified and it did not ap-
pear how far the defendant should remove his fence,
and the court expressly refused to determine whether
that was necessary because it said the defendant was
informed that he had built his fences across the whole
of the road, therefore he was certainly obstructing it,
and the question how far he had encroached upon the
public highway did not arise since he had shut it up
totally. In *People v. Young,* 72 Ill. 411, it is said that
a petition would have been sufficient "if it had mi-
nutely described the part of the road obstructed." In
*Township of Lovington v. Adkins,* 232 Ill. 510, 516,
the court said, when a notice charges a person with
obstructing a road, such person is entitled to under-
stand from the notice what place he is obstructing
so he may ascertain what his rights are, and then the
proof must correspond with this notice.

It stands admitted in the present case that the roads
were obstructed by building a fence longitudinally
therewith. Appellee is liable under said section 71 of
the statute (*Boyd v. Town of Farm Ridge,* 103 Ill.
408), and such liability could have been enforced by
appellant and the fence removed by proceeding there-
under,

If, on a bill filed by public officers charging the defendant with the creation of a nuisance *per se* that in no way affects property rights or the beneficial use of the property by the public and one in which there is a full, complete and adequate remedy at law, a court of equity may decline to take jurisdiction to grant an injunction, then the chancellor did not err in sustaining the demurrer. If, on the other hand, a court of equity must on bills filed by public officers take jurisdiction of all cases of public nuisances *per se* after the fact has been established at law and grant injunction, the court should have overruled the demurrer.

This court in *Seeger v. Mueller*, 28 Ill. App. 28 (opinion by Lacey, J.), sustained the lower court in refusing an injunction on a bill filed by an individual to prevent the obstruction of a public road because the proof showed that the public could not make any beneficial use of the land in question, and cited authorities holding that courts of equity are not bound at all times to enforce strict legal rights, and that equity will not do that which will be of no benefit to the party asking it, and only a hardship on the party coerced. On writ of error the Supreme Court affirmed the judgment on other grounds (133 Ill. 86), but said it was inclined to concur in· the view taken by the Appellate Court under the maxim contained in the old books that: "The law does not require any one to do vain and useless things." The case was cited with others in *Lloyd v. Catlin Coal Co.*, 210 Ill. 460, 470, holding that in the exercise of a sound discretion a court of equity may refuse the writ in consideration of the relative inconvenience and damage that will result from issuing it. And again in *Allott v. American Strawboard Co.*, 237 Ill. 55, 64, in support of the statement that "a court of equity is not called upon to do a vain thing, and it will not entertain a bill simply to vindicate an abstract principle of justice."

The fact that this bill is filed by public officers does

not require the court to entirely disregard the question whether, either because of the nature of the case, or because of a complete and adequate remedy at law, no benefit is to result from the relief sought. We find in the text of 31 Cyc. 253, that an injunction to compel the removal of an obstruction in a public highway may be maintained by the county, municipality, or by the State, or by road officials, only, however, on a proper bill in equity showing danger of great and irreparable injury.

It was said in *People v. City of St. Louis*, 10 Ill. (5 Gilm.) 351, page 367, that a court of equity may prevent or remove a private nuisance, and it is equally clear that it may do so when the nuisance affects the public generally, though it is not always bound to interfere in either case; and on page 374: "It must not, however, be understood that a court of equity will, in all cases even of public nuisances, interpose its extraordinary powers, for if the ordinary courts of law are equal to the emergency, redress must there be sought." *Roloson v. Barnett*, 243 Ill. 130, is a bill for injunction to prevent placing a fence along a public highway. There was a report of the master in chancery recommending denial of the relief sought on the ground that no irreparable damage to the public would ensue; that the defendant was not insolvent; that a court of equity had no jurisdiction on the theory of preventing multiplicity of suits; and that the complainant had a complete and adequate remedy at law. The chancellor sustained exceptions to the master's report and entered a decree of perpetual injunction. The Supreme Court recognized the jurisdiction of a court of equity to restrain a public nuisance on the application of an authority representing the public, and noted that by paragraph 5 of section 221 of the Criminal Code (J. & A. ¶ 3859), which is declaratory of the common law, it is a public nuisance to obstruct or encroach upon a public highway, but said the remedy by injunction,

however, is exercised with great caution in any case, and only in extreme cases until after the right has been first settled at law, citing 29 Cyc. 1221; that injunction is a proper remedy where shutting up a highway is threatened, and cited 10 Ill. (5 Gilm.), *supra*, as a case where an entire obstruction was threatened, and adopted the language of the court in that case: "That it must not be understood that a court of equity will in all cases, even of public nuisance, interpose its extraordinary powers, for if the ordinary courts of law are equal to the emergency, redress must there be sought." The opinion closes with the statement that: "A fence on that line would not interfere with public travel or cause irreparable damage," and the decree was reversed and the cause remanded with directions to dismiss the bill. 29 Cyc. 1221, cited by the court, says the jurisdiction of courts of equity over the subject of nuisances is exercised sparingly, reluctantly, with great caution, and only in extreme cases— at least until after the right and question of nuisance have been first settled at law. It is said in *Stead v. Fortner*, 255 Ill. 470, 479, that no set of rules for the determination of the question when a court of equity has jurisdiction to abate a public nuisance upon an information filed by a public officer has been promulgated, and necessarily none could be framed which would cover every case, but in a general way it may be said that the court might properly decline to exercise its equitable jurisdiction where public officers are discharging their duties in the enforcement of the laws, and the ordinary methods are effective in compelling obedience to statutes forbidding the creation and maintenance of nuisances.

Appellant says that its allegation that the traveling public used each of said public highways from the line where the said hedge fence was so constructed to the opposite line of the road should be taken as a statement that the space inclosed by appellee had been actu-

ally used for public travel. The bill so read presents a different case from what we have been discussing, but we do not think it should be so understood. The allegation would be literally true if footmen sometimes traveled along the side of the road as is the custom in country roads where a slight variation in the location of the fence would be entirely immaterial. Appellant also calls our attention to section 1 of subdivision 7 of the Roads and Bridges Act [Callaghan's 1916 St. Supp. ¶ 10000(105)] requiring highway commissioners, where practicable, to leave one-tenth of the width of the road on each side for a sidewalk for the use of pedestrians, and argues that under the allegations of the bill appellee has deprived the town of 7 feet of land available for that purpose; but nothing in the bill advised the chancellor that the space is needed for any such purpose, or that a walk could not be created as well or better along the fence as constructed, and the allegation is not that the town was deprived of 7 feet for any considerable distance. There is no averment of any definite number of feet, except under a *videlicet*, one purpose of which is to dispense with strict proof. (31 Cyc. 705.) If the allegations of the distance of the fences in the road as charged in the bill had been denied by answer followed by a trial of the issues so presented, appellant to sustain its averments would only have been required to prove that the fences were some appreciable distance over the road line. *Rose v. Mutual Life Ins. Co.*, 144 Ill. App. 434; *Columbian Three Color Co. v. Aetna Life Ins. Co.*, 183 Ill. App. 384; *Illinois Midland Ry. Co. v. Farmers State Bank of Newark*, 200 Ill. App. 591. We think there is no mistake in treating the bill as presenting a case of encroaching on a road in violation of both common law and statute, thus creating a nuisance *per se*, but a nuisance resulting in no substantial injury to anybody, public or private.

Language was used in *Smith v. McDowell*, 148 Ill.

51, which might indicate that on a bill for injunction filed by public officers no question could arise whether there was or not a substantial injury complained of; but we do not think, read in the light of later cases before discussed, it should receive that construction. The court was not there dealing with a case of no damage, or trifling damage. The provisions of said section 71 and following sections vary much in importance; but the legislature had the right to declare what should be considered an obstruction of the road, and we have assumed that encroaching on a highway with a fence is an obstruction whether damage results or not because the legislature has so said. If this principle is carried through the construction of the statute in question, throwing weeds in the road, or allowing the cuttings of hedges to remain there more than 10 days, might be held a nuisance *per se,* but it would hardly occur to any one to resort to a court of equity to compel their removal. To say that courts of equity may not decline to exercise their extraordinary powers and must grant mandatory injunctions on bills filed by public officers charging such an obstruction of the road, and that the fact had been established in a suit at law for the penalty, seems to us a violation of the well-recognized rules of procedure in equity.

If the boundaries of the highways were in dispute and the result of this suit would establish them, there would be some reason for a resort to equity and a multiplicity of suits might thus be avoided, but no such question is involved. The court is only asked to compel appellee to remove the fences as it might be asked to compel the removal of hedge clippings had that been the offense complained of.

It is elementary that appellant could not resort to a court of equity for the sole purpose of collecting the penalty. We are of the opinion that the court did not err in sustaining the demurrer, and that the decree should be affirmed.

*Affirmed.*